[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION THE MOTION OF THE DEFENDANT, JAMES E. THOMAS, TO STRIKE THE COMPLAINT
The plaintiff, Michael Walker, has brought this petition for a new trial pursuant to 904 of the Practice Book against the State of Connecticut and James E. Thomas, the assistant state's attorney who prosecuted the criminal charges against him which resulted in his conviction on those charges after a jury trial. One of the grounds for his appeal from the conviction was "the state's failure promptly to disclose [the] exculpatory testimony [of Dion Smith] prior to calling her as a [rebuttal] witness" by the state. See State v. Walker,214 Conn. 122, 124-25.
The petition alleges in the first count that both defendants "maliciously" deprived him of his rights "to a fair trial and appeal and continuously committed perjury." The second count states that "this newly discovered information is material and exculpatory, which would not have been discovered by due diligence for use in the original trial, because the state `hid' this information until such time as they figured out how to use it to their benefit [and that] said information would probably have led to a different result . . .".
The individual defendant has moved to strike the complaint as to him on the ground that "the action lies only against the State of Connecticut [because at] all times relevant to this action the named defendant was acting as an officer of the state." The defendant has filed a brief in opposition to the motion in which he cites Hafer v. Melo,112 S.Ct. 358 (1991), in support of his argument that a prosecuting attorney may be exposed to personal liability for a deprivation of one's civil rights under 42 U.S.C. § 1983.
A petition for a new trial is "instituted by a writ and complaint served on the adverse party" and although it is therefore a distinct and separate proceeding, it is collateral CT Page 2799 to the original criminal prosecution in which a new trial is sought. State v. Asherman, 180 Conn. 141, 144. Even where such a petition alleges prosecutorial misconduct, the only issue before the court is "whether the newly discovered evidence exists and is in fact new and credible." State v. Curley, 25 Conn. App. 318 at 331.
Section 94 of the Practice Book provides that "[p]ersons may be joined as defendants against whom the right to relief is alleged to exist in the alternative . . .". The granting of a new trial, which is the only "relief" which the petitioner seeks in this case, does not depend on the presence of the prosecuting attorney as a party defendant, as it might if he were asking the court for relief by way of damages or an injunction.
In any event, the United States Supreme Court, in Hafer v. Melo, 112 S.Ct. 358 (1991), held only that officials in the executive branch of state government are not entitled to absolute immunity from civil rights claims for their official actions. Id. 364. A prosecutor, on the other hand, is immune from a civil suit for damages under 1983 so long as he is engaged in presenting the state's case; Imbler v. Pachtman, 424 U.S. 409, 431; and this immunity extends to the use of perjured testimony and the non-disclosure of exculpatory information; Jones v. Shankland, 800 F.2d 77, 80
(6th Cir. 1986); as well as his own false testimony in court proceedings as to the existence of exculpatory evidence. Wilkinson v. Ellis, 484 F. Sup. 1072, 1081 (E.D.Pa. 1980).
For the foregoing reasons, the motion to strike of the defendant, James E. Thomas, is granted pursuant to 198 and 100 of the Practice Book.
HAMMER, JUDGE