[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Edgar P. Tatum, was tried by a jury of twelve persons and convicted of one count of murder in violation of General Statutes 53a-54a. Final judgment was entered on CT Page 1170 March 2, 1990, and the plaintiff was sentenced to a prison term of sixty years. The plaintiff appealed to the Connecticut Supreme Court which affirmed the guilty verdict. State v. Tatum, 219 Conn. 721, 595 A.2d 322 (1991).
On November 16, 1992, the plaintiff, acting pro se, petitioned for a new trial pursuant to Practice Book 904 and General Statutes 52-270. In response to the defendant's request to revise, on April 5, 1993, the plaintiff filed a ten count revised petition for a new trial. On September 15, 1993, the defendant filed a motion to strike the plaintiff's revised petition "due to the legal insufficiency of each and every count of the plaintiff's complaint to state a claim upon which relief can be granted." Both parties have filed memoranda of law in regard to the motion to strike.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport,208 Conn. 161, 170, 544 A.2d 1185 (1988). "[T]he sole inquiry . . . is whether the plaintiff's allegations if proved, state a cause of action." (Citation omitted.) Babych v. McRae,41 Conn. Sup. 280, 281-82, 567 A.2d 1269 (1990, Schaller, J.).
"A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with General Statutes 52-270." Practice Book 904. General Statutes 52-270 states in pertinent part: "The superior court may grant a new trial of any action that may come before it for (b) the discovery of new evidence."
 The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material to a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial.
State v. Asherman, 202 Conn. 429, 434, 521 A.2d 578 (1987). "This strict standard is meant to effectuate the underlying `equitable principle that once a judgment is rendered it is to CT Page 1171 be considered final,' and should not be disturbed by postrial motions except for a compelling reason." Id.
In his petition for a new trial, the plaintiff raises numerous claims of error. He alleges misconduct by the prosecution (Counts I, II, IV and VIII); by the trial court (Counts III, V, VI, VII and IX); and by his attorney (Count X). The defendant argues that the plaintiff fails to state a cause of action because he does not allege any newly discovered evidence to support his allegations for a new trial.
Even where a petition for a new trial pursuant to Practice Book 904 alleges prosecutional misconduct, the only issue before the court is "whether the newly discovered evidence exists and is in fact new and credible." Walker v. State,7 CSCR 545 (March 23, 1992, Hammer, J.) citing State v. Curley,25 Conn. App. 318, 331, 595 A.2d 352 (1991).
The plaintiff makes numerous and varied claims of error in his petition. However, he fails to allege that newly discovered evidence exists that is in fact new and credible. For the foregoing reason, the plaintiff's motion for a new trial does not state a cause of action and the court hereby grants the defendant's motion to strike the petition.
WILLIAM J. SULLIVAN, J.