[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 29, 1989, plaintiffs Claudine and Joseph Cook, instituted this action against defendants Mary Dibble and Thomas Strileckis, as a result of injuries allegedly sustained by them in a motor vehicle accident. On September 6, 1987, plaintiffs, husband and wife, were riding on a motorcycle owned and operated by plaintiff, husband Joseph Cook. The motorcycle was involved in a motor vehicle accident with two separate vehicles, each of which was owned and operated by defendants Dibble and Strileckis.
Plaintiffs have filed a three count complaint. In the first count, plaintiff wife seeks to recover for injuries allegedly sustained as a result of the accident. In the second count plaintiff husband alleges a loss of consortium claim. In the third count plaintiff husband seeks to recover for injuries allegedly sustained as a result of the accident.
On June 2, 1990, defendant Dibble filed an answer and special defense. In the special defense, defendant alleges the negligence of plaintiff husband Joseph Cook.
On August 24, 1990, plaintiffs filed a motion to strike defendant's special defense as to the first and second counts of the complaint, and a supporting memorandum of law.
On October 5, 1990, defendant filed a memorandum of law in opposition to plaintiffs' motion to strike.
The motion to strike is properly used to test the legal sufficiency of the pleadings, Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988), including any counterclaim or special defense. Conn. Practice Bk. 152 (rev'd to 1978, as updated to October 1, 1989). A motion to strike admits only well pleaded facts, not the legal conclusions contained therein. Maloney v. Convoy, 208 Conn. 392, 394 (1988). CT Page 3607
"In finding a motion to strike, . . . it is of no moment that the plaintiff may not be able to prove [his] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132 (Super.Ct. 1983). "The sole inquiry at this stage of the pleadings is whether the plaintiffs' allegations if proved state a cause of action." Babych v. McRae, 41 Conn. Sup. 280,282 (1989, Schaller, J.).
Plaintiffs, in support of the motion to strike, the special defense as to count one of the complaint, argue the negligence of the operator (husband) of a motor vehicle may not be inputed to a passenger (wife). Plaintiffs in support of the motion to strike the special defense as to count two of the complaint, argue the husband's claim for loss of consortium is derived from the wife's, claim for personal injuries alleged in the first count. Plaintiffs contend that because the special defense is legally insufficient as to the first count it must be legally insufficient as to the second count.
Defendant, in opposition to the motion to strike, the special defense as to the first count, contends the negligence of one spouse may be imputed to the other.
Defendant in opposition to the motion to strike the special defense as to the second count argues that a loss of consortium claim may only be permitted where the spouse has been injured by the negligence of a third party.
The special defense alleged by defendant Dibble provides in pertinent part,
 "1. Any injuries, losses or damages sustained by the plaintiffs were the result of the negligence and carelessness of the plaintiff, Edward Joseph Cook, in that he: (a) violated Section 14-218 of the Conn. Gen. Stat. by operating his motorcycle at an unreasonable rate of speed. . . .
The arguments of the parties are misdirected. The special defense does not attempt to impute the alleged negligence of plaintiff husband to plaintiff wife.
Conn. Gen. Stat. 52-572h addresses the liability of multiple tortfeasors in negligence act ions and provides:
 In a negligence action to recover damages resulting from personal injury. . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages. . . . Conn. Gen. Stat. 52-572h(c) (rev'd to October 1, 1989).
"The central purpose of 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of risk operated as a complete bar to recovery. In lieu of these doctrines, subsection (a) of52-572h sets forth a single standard: comparative negligence. " Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791, 797
(1983) (citation omitted).
Connecticut adheres to the doctrine of comparative negligence. Any negligence on the part of plaintiff husband will not serve as a bar to plaintiffs' claims.
Accordingly, plaintiffs' motion to strike defendant's special defense as to counts one and two of the complaint is denied.
DRANGINIS, J. CT Page 3608