[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
In judging a motion to strike, the facts alleged in the complaint must be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). The sole inquiry is whether those allegations, if proved, state a cause of action. Babych v. McRae,41 Conn. Sup. 280, 282 (Super.Ct. 1989).
While defendant H S Torrington Associates moves to strike the complaint, only count two is addressed to it and the court will consider only that count. That count sounds in public nuisance. Plaintiff must allege that:
 1. The condition complained of had a natural tendency to create danger and inflict injury;
2. The danger created was a continuing one,
3. The use of the land was unreasonable or unlawful;
 4. The existence of a nuisance was a proximate cause of the plaintiff's injuries and damages; and
 5. The condition or conduct complained of interfered with a right common to the general public.
Doe v. Manheimer, 212 Conn. 748, 755-56 n. 4 (1989).
In the second count, plaintiff alleged that defendant H S Torrington Associates is the owner of the property in question and exercised control over the premises and was responsible for the management and control of them. The plaintiff further states that the ice and snow on the sidewalk had a natural tendency to create danger and that this condition was allowed to exist on the sidewalk which was used by members CT Page 2544 of the general public. Finally, plaintiff states that the existence of this condition was the proximate cause of his injuries.
Those allegations are sufficient to constitute a public nuisance. See Sorenson v. Conroy, 2 CSCR 975 (Aug. 28, 1987, Wagner, J.). Motion to strike is denied.
Susco, J.