[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#108)
On July 17, 1991, the plaintiff, Shepaug Valley Regional School District No. 12 ("Shepaug") filed an amended complaint against four CT Page 1018 defendants, two of which were Perillo Associates ("Perillo"), an engineering firm hired by the plaintiff to prepare plans and specifications and to provide certain contract administration functions, and Lothrop Associates ("Lothrop"), an architectural firm hired by Perillo to perform architectural services in connection with the Shepaug-Perillo contract.
Shepaug alleges that, on February 16, 1983, the plaintiff entered into an engineering contract with Perillo, and that Perillo thereafter retained Lothrop to perform architectural services. Shepaug further alleges that Perillo breached its contract with Shepaug by preparing plans and specifications that permitted the use of defective construction procedures and/or materials, by failing to supervise the project to completion in a proper manner, by using or permitting the use of defective materials and materials that did not meet the specifications, and by filing properly to supervise Lothrop. Shepaug also alleges that Lothrop breached its separate contract with Perillo, and essentially repeats the allegations put forth against Perillo.
On August 8, 1991, Perillo answered the plaintiff's amended complaint and filed a cross claim against Lothrop, seeking indemnification. Perillo alleges, inter alia, that if the work Perillo did for Shepaug is defective or deficient, it is due to Lothrop's negligence or failure to perform in a workmanlike manner, and not due to the actions of Perillo. Perillo alleges that Lothrop was in control of the design and preparation of the plans and specifications to the exclusion of Perillo; that Perillo had no reason to know of Lothrop's negligence; had no reason to anticipate it, and could reasonably rely on Lothrop not to be negligent.
On October 7, 1991, Lothrop filed a motion to strike Perillo's cross-claim and attached thereto a supporting memorandum. On November 7, 1991, Perillo filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
In its supporting memorandum, Lothrop states that the cross-claim should be stricken because there is no right to indemnification between joint tortfeasors. Lothrop further contends that Perillo's cross claim, if it is permissible at all, is premature because it seeks to hold Lothrop liable for damages not yet accrued, and that it is inconsistent because it seeks to characterize Perillo's contribution as passive despite the complaint's plain allegations of active failures by Perillo.
Perillo, in its memorandum in opposition to the, motion to strike, states that it has alleged the necessary elements of common law CT Page 1019 indemnification, and that the determination of whether Lothrop was primarily negligent must be left to the trier of fact. Perillo further contends that it has been sued for its acts and omissions and, accordingly, the claim for common-law indemnification against Lothrop is proper.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc.205 Conn. 694, 701, 535 A.2d 357 (1988). A party "is entitled to indemnification, in the absence of a contract to indemnify, only upon priding that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 411, 207 A.2d 732
(1965) (emphasis added). An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Id. at 412. Indemnification is permitted in tort actions involving allegations of active/passive negligence. Malerba v. Cessna Aircraft Co.,210 Conn. 189, 198, 554 A.2d 287 (1989) (citing Kaplan, supra at 415). If a claim for reimbursement:
 is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought. . . .Such proof requires a plaintiff to establish four separate elements: `(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.'
Burkert v, Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1990) quoting Kyrtatas, supra at 698.
The Appellate Court, in Atkinson v. Berloni, 23 Conn. App. 325,580 A.2d 84 (1990), recently added a fifth element to an active/passive claim. This additional element, "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Id. at 327. However, because failure to comply with this "Atkinson element" was not a ground alleged in the motion to strike, its application cannot be considered by this court. Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987); see also Vahey v. Dodson, 3 CTLR 91, 92 (December 31, 1990, Nigro, J.)
Generally, the determination:
 of whether an act is negligent is a matter for the jury. . .as is the question of exclusive control. . . A party's actual knowledge and the reasonableness of his reliance on others are also to be CT Page 1020 determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tort-feasor is ordinarily one for the trier of fact.
Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 574, 452 A.2d 117 (1982).
In paragraphs 12-14 of its cross claim, Perillo alleges that:
 12. If the roof work, materials or roof design is defective or deficient, it was Lothrop's negligence or failure to perform in a workmanlike manner, rather than any negligence with which Perillo may be found chargeable, that was the direct and immediate cause of the deficient roof and harm that plaintiff alleges to have sustained.
 13. Lothrop was in control of the design and preparation of the plans and specifications to the exclusion of Perillo.
 14. Perillo had no reason to know of Lothrop's negligence, if any, had no reason to anticipate it, and could reasonably rely on Lothrop not to be negligent.
Furthermore, because the standard is whether or not Perillo's allegations, if proved, would state a cause of action, Babych v. McRae,41 Conn. Sup. 280, 282, 567 A.2d 1269 (1990, Schaller, J.), Lothrop's claimed timing deficiency is insufficient to strike the cross complaint. Perillo has complied with the Kaplan requirements and has set forth a claim for indemnification sufficient to withstand a motion to strike. Consequently, the motion to strike is denied.
PICKETT, JUDGE