[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#107)
The plaintiff, The Systems Co. of Connecticut, Inc., brought this action to recover a prepaid commission from the defendant, Michael L. Sinsigalli. The plaintiff alleges that the prepaid commission was advance against future sales. The plaintiff alleges that the advance was made to the defendant around December 21, 1988, and the defendant subsequently failed to perform or complete any sales pursuant to the advance. The plaintiff alleges that the defendant owes $8,075.00, plus interest, from the commission advance.
A motion to strike the "proper vehicle to test the legal sufficiency of a complaint or any count therein." Babych v. McRae, 41 Conn. Sup. 280, 281567 A.2d 1264 (1990). The motion to strike "admits all facts will pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar, Corporation,203 Conn. 34, 36, 522 A.2d 1235 (1987).
In the absence of an agreement to the contrary, an agent is not personally liable to repay advances made by an employer. 5 Conn. L. Rptr. No. 11, 300 (December 30, 1991) (Susco, J.). "The rationale . . . is that the employee's undertaking is in the nature of a joint enterprise with the employer's business, and it is not assumed that the employee . . . takes all the risk." Id, citing Perma-Home Corp. v. Nigro, 349 Mass. 191 N.E.2d 745, 747 (1963).
The motion to strike is granted on the ground that insufficient allegations have been made by the plaintiff to establish a right to recover an advance on a commission. The plaintiff has failed to establish the existence CT Page 10874 of an agreement contrary to the general rule that an employee is not personally liable to repay advances made by an employer.
It is so ordered.
HIGGINS, J.