[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE #102
ISSUE CT Page 2504
1. Whether defendant Connecticut National Bank's motion to strike Count Five and Count Six of plaintiff's complaint should be granted.
FACTS
On September 9, 1992, the plaintiff, Claudette Michaud, filed a six-count complaint against Community Savings Bank (hereinafter CSB) and Connecticut National Bank (hereinafter CNB). Counts One through Four are addressed to CSB. Counts FIVE and Six are addressed to CNB.
Plaintiff alleges that on May 5, 1992, she issued a note payable in thirty days to CSB in return for a loan in the amount of $17,636.45 secured by two certificates of deposit held at CSB. Plaintiff also alleges that on June 1, 1992, Sam Cocopardi, an account holder of CNB doing business as Copar Corporation, purchased a cashier's check drawn on and issued by CNB with a check written by Larry Campagnaro and drawn on an account held by Mr. Campagnaro in the name of Howard Sew Vac at Guilford Savings Bank (hereinafter GSB). Plaintiff further alleges that the cashier's check was made payable to CSB and that on June 1, 1992, Mr. Cocopardi delivered the cashier's check to the plaintiff. Plaintiff claims that prior to June 2, 1992, GSB debited the Howard Sew Vac account because of a loan default by Mr. Campagnaro. Plaintiff alleges that the CNB issued a stop payment order on the cashier's check purchased by Mr. Cocopardi because the Howard Sew Vac account at GSB had insufficient funds to cover the check written by Mr. Campagnaro.
Plaintiff further alleges that on June 1, 1992, she tendered the cashier's check to CSB. Plaintiff claims that CSB accepted the cashier's check as payment in full of her obligation under the note she previously issued to CSB. Plaintiff also alleges that on June 2, 1992, CSB presented the cashier's check for payment to CNB and that CNB refused to honor and pay it. Plaintiff claims that CSB refused to return possession of or cash her certificates of deposit after she made such a demand on June 2, 1992.
In the Fifth Count of her complaint plaintiff alleges that CNB's refusal to honor and pay its cashier's check CT Page 2505 violates General Statutes 42a-3-411 and 42a-3-412. In the Sixth Count of her complaint plaintiff claims that CNB's refusal to honor and pay its cashier's check in violation of General Statutes 42a-3-411 and 42a-3-412 constitutes an unfair or deceptive act or practice under General Statutes 42a-110[a] et seq.
On November 13, 1992, CNB filed this motion to strike Counts Five and Six of plaintiff's complaint on the grounds that the allegations against CNB under the Uniform Commercial Code and the Connecticut Unfair Trade Practices Act are legally insufficient. CNB also filed a memorandum of law in support of its motion to strike. On December 8, 1992, the plaintiff filed a memorandum of law in opposition to CNB's motion to strike.
DISCUSSION
A motion to strike is the proper vehicle to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book 152(1); see also Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). All well-pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted). Ferryman v. Groton, supra.
Plaintiff's Fifth Count Under The UCC
CNB first argues that plaintiff's Fifth Count is legally insufficient because plaintiff's complaint is devoid of any allegation that the plaintiff is a person entitled to enforce the cashier's check. In its second argument CNB argues that, since the cashier's check was made payable to CSB and not made payable to plaintiff or bearer, the plaintiff is not a holder with respect to the law of negotiable instruments under Article Three of the Uniform Commercial Code (hereinafter the UCC). Thus, CNB contends that the plaintiff is not entitled to enforce the instrument. CT Page 2506
Plaintiff claims that whether she is entitled to enforce the instrument can be implied from the pleadings and, therefore, the Fifth Count is legally sufficient. In response to defendant's second argument, plaintiff claims that she did acquire the rights of a holder when Cocopardi transferred the instrument to her. Plaintiff argues that it is irrelevant whether CNB delivered the check to Cocopardi, who in turn delivered it to the plaintiff, or whether the bank delivered it to the plaintiff directly. Therefore, plaintiff claims that in either case she can be a holder in due course.
The question of whether or not the plaintiff is a person entitled to enforce the instrument need not be addressee because the plaintiff failed to allege that she is entitled to enforce the cashier's check.
Section 42a-3-411(b) provides:
 If the obligated bank wrongfully (i) refuses to pay a cashier's check or certified check . . . the person asserting the right to enforce the check is entitled to compensation for expenses and loss of interest resulting from nonpayment and may recover consequential damages if the obligated bank refuses to pay after receiving notice of particular circumstances giving rise to the damages.
(Emphasis added). General Statutes 42-3-411. Additionally,42a-3-412 provides:
 The issues of a . . . cashier's check . . . is obliged to pay the instrument (i) according to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder, or (ii) if the issuer signed an incomplete instrument, according to its terms when completed, to the extent stated in sections 43a-3-415 and 42a-3-407. The obligation is owed to a person entitled to enforce the instrument. CT Page 2507
(Emphasis added). General Statutes 42a-3-412. Both sections 42a-3-411 and 42a-3-412 require that the plaintiff be a person entitled to enforce the instrument. "The sole inquiry at this state [of the pleadings] is whether the plaintiff's allegations, if proved, state a cause of action." Babych v. McRae, 41 Conn. Sup. 280, 281-82, 567 A.2d 1269
(1990). A motion to strike concerns facts pled and the plaintiff must plead the key elements of a cause of action in order to state a legally sufficient claim. D'Addario v. D'Addario, 7 CSCR 211 (January 22, 1992, McGrath, J.). When pleading under a statute, as the plaintiff does in the present case, the plaintiff must plead facts which would bring her within the requirements of the statute. In considering a motion to strike, the court must look to only the challenged pleading for the facts which give rise to the pleader's claim. Kilbride v. Dushkin Publishing Group, Inc., 186 Conn. 718, 719 443 A.2d 922 (1982). In the present case the plaintiff merely cites General Statutes 42a-3-411
and 42a-3-412 in the Fifth Count of her complaint but fails to allege that she is a person entitled to the relief created by the statute. Consequently, a motion to strike is properly granted where a pleading merely sets forth legal conclusions unsupported by facts. Fortini v. New England, 4 Conn. App. 132,134-35, 492 A.2d 545 (1985). Therefore, because the plaintiff has failed to allege sufficient facts, CNB's motion to strike plaintiff's Count Five is granted.
Plaintiff's Sixth Count Under CUTPA
In the Sixth Count of plaintiff's complaint, plaintiff alleges that CNB's refusal to honor and pay the cashier's check in violation of General Statutes 42a-3-411 and42a-3-412 constitutes a violation of CUTPA. Inasmuch as the court has granted CNB's motion to strike Count Five, and Count Six is dependent on Count Five, then Count Six must be and is stricken as being legally insufficient.
Richard A. Walsh, J. CT Page 2508