[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to strike is used to challenge the legal sufficiency of the allegations of one or more counts of a complaint "to state a claim upon which relief can be granted." Practice Book 152; Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "[T]he sole inquiry . . . is whether the plaintiff's allegations if proved state a cause of action." (Citation omitted.) Babych v. McRae,41 Conn. Sup. 280, 281-82, 567 A.2d 1269 (1990, Schaller, J.).
In the present case, the defendants argue that the plaintiff in her individual capacity does not have a cause of action for medical expenses in a wrongful death action. The defendants contend that General Statutes 52-555 is the exclusive cause of action for a wrongful death action and that the statute requires that the action be brought by an executor or administrator.
The plaintiff argues that General Statutes 46b(b)-37, which makes parents liable for the medical expenses of their minor children, allows the plaintiff as an individual to recover medical expenses.
"In any action . . . brought by an executor or administrator for injuries resulting in death . . . such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses." General Statutes 52-555.
The right to recover for wrongful death is purely a statutory right. Lynn v. Haybuster Mfg., Inc., 226 Conn. 282,295, ___ A.2d ___ (1993). "General Statutes 52-555 allowed only the estate of the decedent to recover for a wrongful death." Maloney v. Conroy, 208 Conn. 392, 399 n. 2,545 A.2d 1059 (1988).
"If the injuries were fatal, an action for wrongful death allows the victim to recover damages suffered before death as well as after." Lynn v. Haybuster Mfg., Inc., supra, 294 n. 10. "In an action by the estate of the victim pursuant to 52-555, of course, the damages suffered before his death are one of the CT Page 10262 elements of the `just damages' to be awarded." Ladd v. Douglas Trucking Co., 203 Conn. 187, 190, 523 A.2d 1301 (1987).
General Statutes 46b(b)-37 provides that "it shall be the joint duty of each spouse to support his other family, and both shall be liable for: . . . (2) hospital expenses rendered the husband or wife or minor child while residing in the family of its parents." Section 46b-37 falls under Chapter 815, entitled "court proceedings in family relations matters." Wrongful death is not one of the family relations matters defined in General Statutes 46b-1.
While the plaintiff may recover damages for medical expenses incurred between the injury and the death of Tamara, she may only recover these damages in her capacity as administratrix. Accordingly, the defendants' motion to strike the second count of the complaint is granted.
Moynahan, Ruskin, Mascolo, Mariani Minnella for plaintiff.
O'Brien, Tanski, Tanzer Young for defendants.