[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff FDIC, as receiver for Citytrust, initiated this action to foreclose a mortgage. In the first count, seeking foreclosure of the mortgage, the plaintiff alleges that the defendant P M Development (a partnership) conveyed a mortgage to Citytrust on several properties it allegedly owned, in order to secure a debt evidenced by a note executed by P M Development in favor of Citytrust. The mortgage references 123 Railstone Drive, Southbury and No. 16, Unit 19D, Building 19, Garage 19-5, Far View Commons Condominiums, Southbury, Ct. ("the subject properties") as two of the several properties allegedly owned by P M Development and subject to the mortgage.
In the third count, which is the subject of this motion to strike, the plaintiff alleges that its predecessor in interest was under the mistaken impression that P M Development was the owner of the subject properties. The plaintiff alleges, however, that the subject properties, in addition to several other properties referenced by the mortgage, were actually owned individually by the partners of P M Development, Louis Marano, Elizabeth Marano, Geraldine Possemato, Elaine Possemato, and Richard Possemato. The complaint alleges that the plaintiff's predecessor notified the defendants of the mistake and requested them to rectify it, to which request the individual defendants demurred. The plaintiff, therefore, seeks a reformation of the mortgage contract to the true intent of the parties, which it argues was to have the individual partners of P M Development parties to the mortgage.
Louis and Elizabeth Marano move to strike the third count as it applies to them (¶¶ 21(a) and (b)), arguing that the third CT Page 8541 count fails to state a legally valid cause of action for reformation. The plaintiff has timely filed a memorandum in opposition to the motion to strike.
"A motion to strike is the proper vehicle by which to test the legal sufficiency of a complaint or any count therein. Practice Book § 152(1)." Babych v. McRae, 41 Conn. Sup. 280,281, 567 A.2d 1264 (1990). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987). The court must view the allegations of the complaint in the light most favorable to the plaintiff. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commissioners,182 Conn. 138, 140, 438 A.2d 27 (1980).
As the plaintiff notes, the third count attempts to establish a cause of action for reformation.
 "Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. 5 Pomeroy, Equity Jurisprudence (2d Ed.) 2096; 53 C.J. p. 941; Amer. Law Institute Restatement, Contracts, Vol. 2, 504, 505 . . . . [R]eformation is also available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other. 5 Pomeroy, Equity Jurisprudence (2d Ed.) 2097; 53 C.J. p. 949 . . . ." (Citations omitted.) Home Owners' Loan Corporation v. Stevens, 120 Conn. 6, 9-10, 179 A. 330 (1935).
(Footnote omitted.) Harlach v. Metropolitan Property Liability Ins., 221 Conn. 185, 190-91, 602 A.2d 1007 (1992); see also Lopinto v. Haines, 185 Conn. 527, 532, 441 A.2d 151 (1981) CT Page 8542 (reformation applies to actions for reformation of deeds). In the absence of an allegation of mutual mistake, or fraud or inequitable conduct on the part of either party, the claim for reformation is legally insufficient. Harlach v. MetropolitanProperty Liability Ins., supra, 221 Conn. 191.
The plaintiff alleges that "[i]n agreeing to the terms of the Note and the Mortgage, Plaintiff's predecessor in interest, Citytrust was under the mistaken impression that Defendant P 
M was the record owner of all the premises" referenced in the mortgage. (Third Count, ¶ 21.) The third count does not contain an allegation of any mistake, fraud or inequitable conduct on the part of the defendants. Accordingly, the moving defendants' (Louis and Elizabeth Marano) motion to strike the third count, as to the defendants Louis and Elizabeth Marano, is granted.
SYLVESTER, J.