[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts of this case are derived from the plaintiffs' complaint dated December 20, 1994, and the third-party plaintiffs' complaint dated January 25, 1994. The plaintiffs allege that on or about July 21, 1991, plaintiff Carl Stepler was descending a ladder leading to a loft in the defendant's garage when the ladder moved away from the garage wall and caused Stepler to fall. The plaintiffs further allege that Stepler was an invited guest of the defendants, Peter Zelich and Sandy Zelich. The plaintiffs claim that as a result of the fall, Stepler sustained serious painful and permanent injuries. The second count of the complaint is a loss of consortium claim and also alleges that Mrs. Stepler lost the financial support of her husband. The plaintiffs seek money damages and other relief from the defendants.
On January 25, 1994, the defendants in the original action filed a third-party impleader complaint against Memphis Folding Stairs, Brosco a/k/a the Brockway-Smith Company, and Colony Lumber. The third-party complaint alleges two counts against each third-party CT Page 566 defendant. The first count against each third-party defendant is an action for indemnity, claiming that if any negligence is proved against the third-party plaintiff, it is passive negligence and the active negligence of the third-party defendants entitles the third-party plaintiff to indemnification from the third-party defendants. The second count against each of the third-party defendants is a products liability claim, pursuant to General Statutes § 52-572m, et seq. The third-party plaintiff claims indemnification, costs and attorney fees, any other equitable relief it is entitled to, and apportionment among all the parties.
The issues before the court at this time are motions to strike filed by third-party defendants Colony Lumber and Memphis Folding Chairs and a motion for summary judgment filed by third-party defendant Brosco. Memphis Folding Chairs filed its motion to strike on July 8, 1994, and Colony Lumber filed its motion to strike on July 13, 1994, seeking to strike the counts of the complaint directed towards the two companies. Both parties claim that the count alleging common law indemnification should be stricken because it fails to allege the essential elements for indemnification. Both parties also assert that the products liability claims should be stricken on the grounds that they fail to allege the type of harm that is remedied by General Statutes § 52-572m, et seq. Brosco filed a motion for summary judgment along with a memorandum of law on August 19, 1994, claiming that no genuine issue of material fact exists as to the allegations claimed against Brosco.
"The motion to strike is a pre-trial motion." County FederalSavings and Loan Association v. Eastern, 3 Conn. App. 582,491 A.2d 401 (1985). It is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25 (1992). "Its function . . . is to test the legal sufficiency of a pleading."Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980). "The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice." Cavallo v. Derby Savings Bank, 188 Conn. 281, 285,449 A.2d 986 (1982).
The motion to strike admits all well pleaded facts. Ferrymanv. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). However, the motion to strike does not admit conclusions of law. Verdon v.CT Page 567Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New EnglandLog Homes, Inc., 4 Conn. App. 132, 135, 492 A.2d 545 (1985).
"In considering the ruling upon the motion to strike, [the court is] limited to the facts alleged in the complaint, King v.Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co. vSimsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980). The court must construe the facts in the complaint in the light most favorable to the plaintiff. Novametrix Medical Systemsv. BOC Group, Inc., 224 Conn. 210, 216, 618 A.2d 25 (1992). The only question is whether the plaintiff's allegations state a cause of action. Babych v. McRae, 41 Conn. Sup. 280, 282 (1989, Schaller, J.). The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91,109, 491 A.2d 368 (1985). A motion to strike must fail if any allegations in the complaint are legally sufficient. Doyle v. APRealty Corp. , 36 Conn. Sup. 126, 127 (1980).
Colony Lumber and Memphis Folding Chairs argue that count one (directed toward Memphis) and count three (directed toward Colony) are legally insufficient in that they fail to allege the necessary elements for a claim of common law indemnification. They allege that the third-party plaintiff has pleaded active-passive negligence and that the controlling case in that area is Atkinsonv. Berloni, 23 Conn. App. 325 (1990). Memphis and Colony Lumber argue that Atkinson added a fifth requirement to common law indemnification, that there must be an independent legal relationship between the two parties in order to recover from another party.
The Zelichs, third-party plaintiffs, argue in their opposition to the motions to strike that they have alleged all of the elements for a claim of active/passive negligence. They claim that theAtkinson case is not controlling and an independent legal relationship is not needed. They cite a split of authority in superior court cases as support for their argument that Atkinson
should not be followed. Because there is a split of authority and because the motions to strike should be construed in a light most CT Page 568 favorable to the non-moving party, the third-party plaintiffs argue that the motions to strike should be denied.
The Connecticut Supreme Court has held that a common law action for indemnification must allege four different elements.Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990). The elements are "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Kyrtatas v.Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988).
In Atkinson v. Berloni, 23 Conn. App. 325, 580 A.2d 84 (1990), the Connecticut Appellate Court required a fifth element to be alleged in a claim for indemnification. In Atkinson, the court found that "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni,23 Conn. App. 325, 327, 580 A.2d 84 (1990). Atkinson went one step further, with the court noting that no case had ever allowed an indemnification claim without the existence of an independent legal relationship. Finally, the court concluded "that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Id. at 328.
The third-party plaintiffs urge this court, in deciding the motions to strike, not to follow the decision set in Atkinson. However, this court does not have the authority to ignore appellate court decisions. A trial court is bound by the decision of an appellate court that has decided an identical issue. Cooley v.Cooley, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 349263 (Goldstein, J., May 20, 1994). See also, State v. Goodman, 35 Conn. App. 438, 442, ___ A.2d ___ (1994). Because this court is bound by the decision in Atkinson, and because the third-party plaintiff did not allege an independent relationship with the third-party defendant, this court must strike counts one and three of the complaint.
The third-party defendants also claim that counts four (directed toward Memphis) and six (directed toward Colony) of the CT Page 569 complaint should be stricken. They argue that the counts are insufficient because they fail to allege the kind of loss for which a remedy is available under the Connecticut Product Liability Act. They claim that pursuant to General Statutes § 52-572m et seq., the product liability act only allows injured parties or their representatives to bring a products liability action. Since the third-party plaintiffs do not claim to be injured by the third-party defendants' product, the third-party defendants argue that they cannot be sued under the Connecticut Product Liability Act and the counts should, therefore, be stricken.
The third-party plaintiffs oppose the motions to strike the product liability claims against the third-party defendants. Their main argument is that they are proper parties to bring a product liability claim under the statute. The third-party plaintiffs claim the statute is inclusive, and does not exclude a third-party claim for indemnification stemming from personal injuries caused to the plaintiff by a defective product. As a result, the third-party plaintiffs claim they are proper persons to bring the lawsuit and the motion to strike should be denied.
A product liability claim includes "all claims or action brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions . . . of any product." General Statutes § 52-572m(b). A claimant who can bring a claim is a "person asserting a product liability claim for damages incurred by the claimant or one for whom the claimant is acting in a representative capacity." General Statutes § 52-572m(c)[.]
The question before the court has never been decided in the Appellate or Supreme Court in Connecticut. The issue has been considered by two courts at the Superior Court level. SeeIntegrated Power Tech. v. Dal-Tile Corp. , 6 C.S.C.R. 846 (Hadden, J., September 3, 1991); Euclid Chemical Company v. Shell OilCompany, 15 Conn. L. Trib. 44 at p. 23 (Freed, J., October 18, 1989). In Integrated Power Tech. v. Dal-Tile Corp. , the third-party plaintiff was being sued in the original suit for injuries caused by a gas leak in which Dal-Tile was alleged to be responsible. Dal-Tile brought a third-party suit against the third-party defendant claiming that the third-party defendant was responsible under the product liability act to reimburse the third-party plaintiff for any judgment and costs it incurred in the original action. Judge Hadden found that the third-party plaintiff had not suffered the type of harm intended by the product liability CT Page 570 statute and granted the third-party defendants' motion to strike.Integrated Power Tech. v. Dal-Tile Corp. , 6 C.S.C.R. 846, 847 (Hadden, J., September 3, 1991).
The result in this case should be the same. The Zelichs have not suffered the personal injury, death or property damage that the statute was designed to remedy. Furthermore, the third-party plaintiffs are not claimants as defined by the statute and therefore cannot bring a claim under the statute. Because the third-party plaintiffs cannot bring a claim under the products liability statute, counts four and six are insufficient and are stricken.
Third-party defendant Brosco's argument is very similar to the other two third-party defendants. Brosco noted at short calendar that it was precluded from filing a motion to strike because it had already answered the third-party complaint. Because a motion for summary judgment has a different standard than a motion to strike, its argument is dealt with separately. Brosco's first argument is that the third-party claim fails to state a legally sufficient claim for indemnification. Therefore, Brosco argues that there remains no material issue of fact and summary judgment is proper.
Second, Brosco argues that because the third-party plaintiff has alleged a violation of the product liability statute, and the statute does not allow for anyone other than an injured party to sue, it is entitled to judgment on this count.
In response, the third-party plaintiffs first argue that a motion for summary judgment is not the proper motion to test the legal sufficiency of a pleading. They argue that a motion to strike is the proper pleading and for that reason alone, the motion should be denied.
In the alternative, the third-party plaintiffs argue that the motion should be denied as it applies to the active-passive negligence. They argue that the Atkinson case is not controlling and that an independent legal relationship is not needed to plead common law indemnification. They claim that there is a split of authority at the superior court level whether to follow Atkinson. Because the motion should be construed in a light most favorable to the plaintiff, the third-party plaintiffs argue that the motion should be denied as it relates to indemnification.
As to the products liability claim, the third-party plaintiffs CT Page 571 argue that the product liability statute is inclusive and does not exclude a third-party claim for indemnification when a third-party plaintiff is held liable in the original action from injuries caused by a defective product of the third-party defendant. They claim that subsection (b) of General Statutes § 52-572m allows them to bring this claim for negligent manufacture or design and, thus, the motion for summary judgment should be denied. The third-party plaintiffs cite Malerba v. Cessna Aircraft Co., 210 Conn. 189,554 A.2d 287 (1989), for the proposition that a third-party plaintiff is entitled to seek indemnification from a third-party defendant in a product liability lawsuit.
The third-party plaintiffs further argue that third-party defendant Brosco's motion for summary judgment should have properly been filed as a motion to strike. They are correct. The proper motion to test the sufficiency of a pleading is a motion to strike. However, a motion for summary judgment may be granted if one legally sufficient defense is shown that would bar the opposing party's claim. Perille v. Raybestos-Europe, Inc. 196 Conn. 529,543, 494 Conn. 555 (1985). As a result, the motion should not be denied simply because it is a motion for summary judgment. However, the motion should only be granted if it meets the standard for a motion for summary judgment, not for a motion to strike.
Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Water andWay Properties v. Colt Mfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). An opposing party cannot simply claim that a disputed issue exists. Pleading facts alone is not sufficient to establish that a material fact exists. Therefore, pleading facts alone will not refute evidence brought by the movant in support of the motion. Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660,665, ___ A.2d ___ (1994).
The trial court must view all the evidence in favor of the non-moving party. If the movant would be entitled to a directed verdict on the facts, then the movant should be granted a summary judgment. Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). CT Page 572
There is no need to repeat the analysis of the complaint from the motion to strike. The result was that the third-party plaintiffs failed to properly set out the elements of common law indemnification and that the third-party plaintiffs are not the proper plaintiffs for a statutory product liability action. As a result of these findings, and even considering the facts in a light most favorable to the third-party plaintiffs, there is no issue of material fact that would allow the third-party plaintiffs to prevail on their complaint. Therefore, the third-party defendants are entitled to summary judgment as a matter of law.
For the foregoing reasons both motions to strike and the motion for summary judgment are granted.
Howard F. Zoarski, Judge