[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THESECOND COUNT OF THE COMPLAINT
The plaintiff in this case is Ramon Pacheco, acting in his capacity as administrator of the estate of Shami George. The defendant is Allstate Insurance Company. On September 9, 1994, the plaintiff filed a two count complaint against the defendant. The plaintiff's allegations are as follows.
On December 5, 1987, the defendant insured a motor vehicle owned by Pasquale Agliano. On that date, Agliano, while driving the insured vehicle, chased George with the automobile and caused him to run into the street, get struck by a bus, and die. In July 1989, the plaintiff brought suit against Agliano to recover damages for causing George's death. The defendant was notified of the lawsuit. However, on August CT Page 2028 20, 1992, the defendant disclaimed any liability and refused to defend its insured. On August 25, 1992 the plaintiff herein and in the underlying action filed a $20,000 offer of judgment in that action.
On September 17, 1992, a jury found Agliano negligent and ordered him to pay damages of $598,825.29. On September 23, 1992, the defendant was notified of the judgment.
Plaintiff alleges that the defendant was obliged by its contract with Agliano to pay any judgment rendered against him, but has, to date refused to pay.
In the first count, the plaintiff alleges that the defendant is responsible to pay pursuant to General Statutes § 38a-321,[1] the direct actions statute. In the second count, the plaintiff alleges that the defendant was in the business of selling car insurance policies, issued one to Agliano, and refused to pay in accordance with the terms of the policy. The second count alleges that this refusal to pay violates the Connecticut Unfair Trade Practices Act (CUTPA), General § Statutes 42-110a.
On November 3, 1994, the defendant moved to strike the second count of the plaintiff's complaint on the ground that it fails to state a sufficient cause of action under CUTPA. The defendant also moved to strike the second prayer for relief, which seeks attorney's fees and punitive damages under the second count. The defendant filed a memorandum of law in support of its motion to strike. On November 28, 1994, the plaintiff filed an objection to the defendant's motion to strike. On December 2, 1994, the defendant filed a reply memorandum to the plaintiff's objection to the motion to strike.
The defendant argues that the motion to strike should be granted because the plaintiff has failed to state a viable cause of action under CUTPA. The defendant cites Lees v.Middlesex Ins. Co., 229 Conn. 842, as authority for the proposition that a person who brings a claim for unfair settlement practices must show that the improper handling of a single insurance claim is not sufficient to meet a claim under CUIPA and that a CUTPA claim against an insurer will not survive unless a viable CUIPA claim is brought against that same insurer. Since the plaintiff has alleged only one CT Page 2029 instance of misconduct and the plaintiff has not brought a CUIPA claim in addition to the CUTPA claim, the defendant argues that the motion to strike should be granted.
In response, the plaintiff argues that the motion to strike should be denied. The plaintiff argues that because he alleged only a CUTPA claim, not a CUIPA claim, the authority cited by the defendant is inapplicable. The plaintiff argues that the present case does not involve an unfair settlement claim. Rather, the plaintiff argues it is an action to collect a judgment. The plaintiff claims that he is entitled to bring the action under CUTPA. Additionally, the plaintiff argues that a single instance of misconduct is sufficient to satisfy a CUTPA claim.
In its reply memorandum, the defendant claims that the plaintiff's case does involve the issue of unfair settlement practices. The defendant further argues that since the plaintiff has been subrogated to the rights of an insured under General Statutes § 38a-321, this action is essentially one between an insured and an insurer and that the plaintiff must establish a CUIPA violation to sustain a CUTPA claim against an insurer. Finally, the defendant argues that more than one instance of misconduct must be shown to sustain a CUTPA claim, even if no CUIPA claim is brought. For these reasons, the defendant argues that the motion to strike should be granted.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215,618 A.2d 25 (1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). The motion admits all alleged facts but not conclusions of law. Verdonv. Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3
(1982).
"In considering the ruling upon the motion to strike, [the court is] limited to the facts alleged in the complaint,King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985). If facts provable under the allegations would support a cause of action, the motion to strike must fail. AlarmApplications Co. v Simsbury Volunteer Fire Co., 179 Conn. 541, CT Page 2030 545, 427 A.2d 822 (1980). The court must construe the facts in the complaint in the light most favorable to the plaintiff.Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,216, 618 A.2d 25 (1992). The only question is whether the plaintiff's allegations state a cause of action. Babych v.McRae, 41 Conn. Sup. 280, 282 (1989, Schaller, J.).
CUTPA, General Statutes § 42-110, provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." CUIPA, General Statutes § 38a-815, provides that "[n]o person shall engage in this state in any trade or practice which is defined in section 38a-816 as . . . an unfair method of competition and an unfair or deceptive act in the practice of insurance. . . ." Pursuant to General Statutes § 38-816, unfair and deceptive acts or practices in the business of insurance includes "unfair claim settlement practices."
In the opinion of the court the present case involves a claim of an unfair settlement practice. A plaintiff may bring a private cause of action under CUTPA for a violation of CUIPA. Lees v. Middlesex Ins. Co., 219 Conn. 644, 654,594 A.2d 952 (1991); Mead v. Burns, 199 Conn. 651, 663,509 A.2d 11 (1986). What the plaintiff has attempted to allege here is primarily a CUIPA violation. He has alleged that the defendant acted unfairly in the settling of the claim between himself and the defendant. Pursuant to General Statutes § 38-321, the plaintiff has stepped into the shoes of the insured for the purposes of settling the claim with the insurance company. The claim that the plaintiff has alleged in count two is essentially a CUIPA claim of "unfair settlement practice" as defined in General Statutes § 38a-816(6). A plaintiff may not bring a claim under CUTPA which does not violate CUIPA where the alleged misconduct is related to the insurance industry.Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11 (1986).
When a violation of CUIPA is alleged, the plaintiff must prove that the defendant committed the acts of misconduct with such frequency as to indicate a "general business practice."Mead v. Burns, supra, 199 Conn. 651. "The legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." Lees v. MiddlesexIns. Co., 229 Conn. 842, 849, (1994). In order to sustain a claim under CUIPA, more than one instance of misconduct must CT Page 2031 be shown in order to rise to the level of a "general business practice" pursuant to General Statutes § 38a-816(6). Id. The plaintiff has alleged what amounts to a CUIPA claim of unfair settlement practices under General Statutes § 38a-816(6). However, the plaintiff has not met the requirements of CUIPA, in that the plaintiff has only alleged one act of misconduct.
Count two and its prayer for relief are stricken. The plaintiff has attempted to circumvent the requirements of CUIPA by masking a CUIPA claim and labelling it a CUTPA claim.
State Trial Referee