[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE AMENDED APPEAL
This is an appeal from sewer assessments of the City of Shelton brought jointly by 73 property owners appealing for relief against wrongful sewer assessments of their individual properties. The plaintiffs claim to be jointly aggrieved because of the use of an improper method of assessment and seek to have their assessments held void or reduced to a level corresponding to the value of the special benefits accruing to their respective properties. The City of Shelton defendants have moved to strike plaintiffs' amended appeal claiming plaintiffs have improperly joined multiple causes of action, which cannot be united in one complaint. Connecticut Practice Book Section 10-39 (4) Defendants argue that plaintiffs have failed to plead "any right of relief in respect to or arising out of the same transaction or series of transactions" from which "any common question of law or fact would arise" as is required for joinder under Practice Book Section 9-4. The plaintiffs assert that the amended complaint does present a "common question of law or fact", specifically whether defendants' method of assessment was illegal. Both parties cite a series of decisions in a similar cases involving the sewer assessments of the City of Norwich, specifically Bertelson v. City ofNorwich as follows: 2000 WL 1624512 (10/5/00, Corradino, J.); 2001 WL 459058 (4/11/01, Martin, J.); and 2001 WL 1429167 (10/30/01, Martin, CT Page 9966 J.), which the court will hereafter refer to as "Bertelson I", "Bertelson III" and "Bertelson III".
In Bertelson v. Norwich, 41 property owners jointly appealed the sewer benefit assessments made against each of them by the City of Norwich. The first count of their complaint sought a reduction in the amount of each assessment to the value of the special benefit accruing to each property. The second count sought a declaratory ruling challenging the method by which the Norwich sewer authority and city determined the benefit attributable to each of their properties.
In Bertelson I, Judge Corradino denied a motion to dismiss the first count on subject matter jurisdiction grounds, but left the question of whether or not permissive joinder of multiple appeals was appropriate, to be addressed by a motion to strike. Thus, in Bertelson II, defendants filed a motion to strike the first count on the grounds of improper joinder, as here. In Bertelson II, Judge Martin did strike the first count on the grounds of improper joinder because there was no common question of law or fact, specifically, no allegation that the defendants used the wrong method to determine the value of benefit to the properties, and no allegation that the parties were jointly aggrieved because of the use of an improper method of assessment. Thereafter, theBertelson plaintiffs amended the first count of their complaint to specifically allege that the method of benefit assessment was illegal because it was based solely on a "cost-sharing" method by which Norwich recovered the total cost of constructing the sewer system, without limiting the individual assessments to the benefit to each specific property, as required by Conn. Gen. Stats. § 7-249. In Bertelson III, the court denied the Norwich defendants' motion to strike this count, finding that these allegations were legally sufficient to support a claim that the benefit assessment method was illegal. However, the court did not address the joinder issue in Bertelson III because it was not raised or briefed in that motion to strike. 2001 WL 1429167, Bertelson v. Cityof Norwich, (Conn. Super: 2001), fn. 3.
Plaintiffs claim to come within the ruling of Bertelson III by adding the following paragraphs in their amended appeal:
"77. The plaintiffs are aggrieved by the levies of said assessments by the defendants because said sewer assessments exceed the value of the respective special benefits accruing to the respective properties of the plaintiffs by virtue of said sewer construction. 78. In levying said sewer assessment, the defendants acts (sic) illegally and in excess of the authority vested in it by law. 79. In levying said sewer assessment, the defendant used the CT Page 9967 wrong method to determine the value of the I benefit to the properties. 80. The plaintiffs are jointly aggrieved because of the use of an improper method of assessment."
The motion to strike is a "proper vehicle to test the legal sufficiency of a complaint or any count therein." Babych v. McRae, 41 Conn. Sup. 280,281 (1990). In ruling on a motion to strike, "the Court must construe the facts alleged in the complaint in a manner most favorable to the plaintiff." Roe v. Godou, 209 Conn. 273, 278 (1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Blancatov. Feldspar Corporation, 203 Conn. 34, 36 (1987).
Accordingly, under the Bertelson decisions, plaintiffs' ability to jointly appeal their sewer benefit assessments depends upon the sufficiency of their allegation of a common question of law or fact. Although in deciding a motion to strike, the moving party admits all facts well pleaded and the court is bound to construe the complaint in favor of the plaintiff, this does not apply to mere conclusions of law that are unsupported by the facts alleged. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 225 Conn. 210, 215 (1992). Here, unlikeBertelson, the bare allegation that defendants used an improper method to determine the value of the benefit to the properties is not supported by any allegations of fact or sufficient detail to raise a common issue of law or fact as opposed to a series of individual claims for relief. Accordingly, the amended complaint is insufficient to withstand a motion to strike based on improper joinder and the motion to strike is granted. Connecticut Practice Book Section 10-39 (4); Bertelson v. City ofNorwich, 2000 WL 459058 (Conn.Super. 4/11/01, Martin, J.)
The Court
 By ____________________ Sequino, J.