## ESTHER MATYAS *v.* MAXON H. EDDY

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 121566
AT BRIDGEPORT

Memorandum filed November 6, 1964

*Rubens, Saffo & Habansky,* of Bridgeport, for the plaintiff.

*Goldstein & Peck,* of Bridgeport, for the defendant.

THIM, J. In this action the plaintiff seeks to recover damages for injuries that she claims to have suffered as a result of two different operations performed a year apart upon different parts of her body by the defendant. In the first count she alleges that the defendant on June 25, 1962, negligently performed a total hysterectomy; and in the second count she alleges that on the 24th of June, 1963, the defendant negligently performed a hernia operation. The language in the complaint does not in any respect indicate any connection between the two claimed specifications of negligence.

The demurrer attacks the complaint on the ground that § 52-97 of the General Statutes forbids the joinder of two separate and distinct causes of action arising out of different factual situations.

The joinder of causes of action is governed by § 52-97, which states in part: "In any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall all be brought to recover, either (1) upon contract, express or implied, or (2) for injuries, with or without force, to person and property, or either, including a conversion of property to the defendant's use, or (3) for injuries to character, or (4) upon claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same, or (5) upon claims to recover personal property specifically, with or without damages for the withholding thereof, or (6) claims arising by virtue of a contract or by operation of law in favor of or against a party in some representative or fiduciary capacity, or (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." Under this statute, the plaintiff may only join the two causes of action of malpractice in one complaint if they both arose "out of the same transaction" or if they arose out of "transactions connected with the same subject of action."

What constitutes the same or a single transaction has been defined in *Craft Refrigerating Machine Co. v. Quinnipiac Brewing Co.*, 63 Conn. 551, 560 (see "Errata," 64 Conn. 657), wherein the court stated: "A transaction (considered as past event), is something which has been transacted, something, that is, which has been carried through to its end. . . . As the word is employed in American codes of pleading and in our own Practice Act, a transaction is something which has taken place whereby a cause of action has arisen. It must therefore consist of an

act or agreement, or several acts or agreements having some connection with each other . . . ."

Except for the identity of the parties, each of the alleged negligently performed operations constituted a single transaction. The hysterectomy operation is alleged to have been performed on June 25, 1962. This constituted one transaction. The hernia operation alleged to have been performed on June 24, 1963, constituted another independent transaction. The complaint contains no language indicating that the activity of the defendant, from the time of the first operation to and including the second operation, was a continuing course of negligent conduct. The totality of the alleged wrongful acts does not make up "one entire course of conduct." *Goggins* v. *Fawcett,* 145 Conn. 709, 711.

The allegations of each count do not meet the requirements of the phrase "transactions connected with the same subject of action." The complaint specifies two different subjects, namely, the negligent act in performing the hysterectomy and the other, the negligent act in performing the hernia operation. These subjects are entirely unrelated. To satisfy the applicable provision of § 52-97, the two causes of action must be connected with the same subject of action. The first subject must have caused the second subject to come into existence. *Ader* v. *Blau,* 241 N.Y. 7, 19.

For the aforesaid reasons the demurrer is sustained.