MARY TERIS *v.* JAMES E. DAWSON

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued May 6—decision released June 21, 1977

*Elliott B. Pollack,* with whom, on the brief, was *Jeffery L. Payton,* for the appellant (plaintiff).

*John W. Lemega,* with whom, on the brief, was *Thomas J. Hagarty,* for the appellee (defendant).

LONGO, J.   The plaintiff commenced this action claiming that the defendant, acting as her legal counsel, negligently represented her in two real estate transactions.  The defendant demurred to the complaint on the ground that it improperly joined two separate causes of action in violation of § 86 of the Practice Book.  On May 28, 1976, the court sustained the defendant's demurrer and, on July 21, 1976, the defendant moved for judgment.  On September 21, 1976, the plaintiff filed a motion to amend her complaint, which she withdrew the next day.  Later that day the defendant filed a motion to expunge the plaintiff's substituted complaint.  On September 24, 1976, the court rendered judgment in favor of the defendant on the demurrer and denied the defendant's motion to expunge.  The plaintiff appealed from the entry of judgment on the demurrer and the defendant cross appealed. The defendant has since withdrawn his cross appeal.  The sole question presented on appeal is whether the plaintiff's complaint improperly joined two separate causes of action in violation of Practice Book § 86, thereby requiring that the court sustain the defendant's demurrer.

The present complaint arose out of two separate agreements for the sale of real estate entered into between the plaintiff and Midstate Construction Corporation, the first dated January 21, 1972, and the second dated March 20, 1972. The plaintiff was the seller and Midstate was the buyer in both agreements. In each count, the operative conduct giving rise to the claim of negligence was the defendant's failure to obtain for the plaintiff purchase money mortgages to secure her purchase money promissory notes from Midstate.

The plaintiff claims that her complaint withstands the demurrer since it falls within the provisions of Practice Book § 86(1) which states that "if several causes of action are united in the same complaint, they shall all be brought to recover . . . (2) for injuries, with or without force, to person and property, or either . . . ." The plaintiff claims that the damages she has suffered through the defendant's alleged malpractice constitute injuries to property within the terms of the rule. She claims that as a result of the defendant's failure to obtain purchase money mortgages on her behalf, she has suffered losses in the amount of the sums loaned to Midstate Construction Corporation. Those monetary losses, she argues, constitute injuries to property and she is, therefore, entitled to join her separate claims in one complaint. We do not agree with the plaintiff's strained interpretation of Practice Book § 86(1) (2). She has not suffered an injury to property merely because she has suffered some financial harm. According to the plaintiff's reasoning any claims for damages would constitute injuries to property and would justify their presentation in a single complaint. This reading makes the remainder of the rule extraneous.

The plaintiff's claims for malpractice, which sound in tort, must fall within Practice Book § 86(1) (7) if we are to rule that the demurrer was improperly sustained. The rule states that "if several causes of action are united in the same complaint, they shall all be brought to recover . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." The plaintiff does not seriously press any claim that these claims arise out of the same transaction or transactions connected with the same subject of action. The agreements giving rise to the alleged negligence involved the purchase of two separate parcels of land. The agreements were executed on different dates and there is no allegation that the alleged negligence occurred at the same closing. Each act of negligence would constitute a separate tort involving a distinct subject of action. See *Goggins* v. *Fawcett,* 145 Conn. 709, 147 A.2d 187. In each claim, the duty which the defendant allegedly owed the plaintiff arose from a distinct agreement, and it does not appear from the complaint that each duty was not breached by a separate action, or failure to act, on the part of the defendant. From the pleadings it would appear that there were two primary rights which were separately infringed. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 29 A. 76; 1 C.J.S., Actions, § 92. Each allegation of negligence would have to be established by different evidence justifying invocation of the policy of separating issues in order to avoid complexity and confusion. See James, Civil Procedure § 10.1.

Since to read Practice Book § 86(1) (2) as encompassing any claim for damages to the pocketbook

would render the remainder of the rule extraneous and since the plaintiff's claims cannot survive the "same transaction" test of Practice Book § 86(1) (7), the court acted properly in sustaining the defendant's demurrer.

There is no error.

In this opinion the other judges concurred.