[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO REVISE (NO. 113)
In the first count of his complaint plaintiff alleges that he loaned a sum of money to the defendants and that they have defaulted in payment. In the second count he alleges that he sold and delivered goods to the defendants and rendered services on their behalf for which there is an unpaid balance due.
Defendants have requested the deletion of count two on the ground of misjoinder of causes of action. Defendants claim that, as the second count is not involved with the same transaction as the first count, it is improperly pleaded as a part of this action.
Plaintiff claims that the joinder is proper under Practice Book 133, which states:
The Complaint — Joinder of Causes of Action — In General CT Page 6624-K
 In any civil action the plaintiff may include in his complaint both legal and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall all be brought to recover, either (1) upon contract, express or implied, or (2) for injuries, with or without force, to person and property, or either, including a conversion of property to the defendant's use, or (3) for injuries to character, or (4) upon claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same, or (5) upon claims to recover personal property, specifically, with or without damages for the withholding thereof, or (6)claims arising by virtue of a contract, or by operation of law in favor of or against fiduciary capacity, or (7) upon claims, whether in contract or tort, or both, arising out of the same transaction or transactions connected with the same subject of action. The several causes of action so united shall all belong to one of these classes, and, except in an action for the foreclosure of a mortgage or lien, shall affect all the parties to the action, and not require different places of trial, and in which several causes of action are joined in the same CT Page 6624-L complaint, or as matter of counterclaim or setoff in the answer, if it appears to the court that they cannot all be conveniently heard together, the court may action or may direct that any one or more of them be deleted from the complaint or answer. (Emphasis added.)
Defendants claim that the two counts are governed by subparagraph (7) which requires that the claims arise out of the same transaction or transactions connected with the same subject of action. Plaintiff claims, however, that these counts fall under subsection (1) as they are both contract claims. The court agrees with plaintiff as the authorities cited by defendants are inapposite.
Defendants cite Meyers v. Long, 23 Conn. Sup. 93, 94 (1961), for the proposition that distinct causes of action may not be joined in one complaint unless they arise out of the same transaction and unless they affect all of the parties to the action. That proposition of law was enunciated in Meyers, with respect to a case in which there were two plaintiffs and two separate accidents. In Meyers the court pointed out that under Connecticut General Statutes 52-97(2) (adopted verbatim as Practice Book CT Page 6624-M 133) several causes of action may be joined, but went on to say at page 94:
 However, that section provides that a plaintiff in the singular is permitted to include in his complaint causes of action which pertain to both personal injuries and property damage. Likewise plaintiffs may only join in one action as plaintiffs when there is a common question of law or fact. [Internal quotations and citations omitted, emphasis supplied.]
There was a misjoinder in Meyers because two individual plaintiffs tried to bring one action involving two separate accidents. Further, the separate causes of action did not affect all of the parties. In the instant case you have one plaintiff with two separate causes of action against the same defendant; exactly what is provided for in Practice Book 133(1).
Defendants also cite Teris v. Dawson, 173 Conn. 206 (1977) in support of their claim that each subsection of Practice Book 133 is subject to the "same transaction" test of subparagraph 7. Defendants make the following claim at page three of their brief: CT Page 6624-N "The court held that to read subsections 1-6 of the Connecticut Practice Book 86 (now section 133) without applying subsection 7
 `. . .would render the remainder of the rule extraneous and since the plaintiff's claim cannot survive the "same transaction" test of Practice Book 86(1)(7) [now section 133(1)(7)], the court acted properly in sustaining the defendant's demurrer.'"
Teris can be cited for no such proposition as this quote is taken out of context. The actual quote reads as follows:
 "Since to read Practice book 86(1)2) [now Practice Book 133] as encompassing any claim for damages to the pocketbook would render the remainder of the rule extraneous and since the plaintiff's claims cannot survive the same transaction test of Practice Book 86(1)(7), the court acted properly in sustaining the defendant's demurrer." [Emphasis added.]
 In Teris the plaintiff alleged negligence by the defendant in two separate real estate transactions. She joined those actions CT Page 6624-O in one complaint under the predecessor to subsection (2) of Practice Book 133 claiming that her monetary losses in those transactions constituted injuries to property. The court said at page 208:
 She has not suffered an injury to property merely because she has suffered some financial harm. According to the plaintiff's reasoning, any claims for damages would constitute injuries to property and would justify their presentation in a single complaint.
The court then went on to say as quoted above that as the claims could not fit under subsection (2) of the rule and cannot survive the same transaction test of subsection (7), the demurrer was properly sustained. Nowhere in the case is there any holding that subsections (1) through (6) of Practice Book 133 are subject to the same transaction test.
Each of the counts sounds in contract in the instant case. Each count affects all of the parties. It would appear that this is precisely the type of judicial economy the rule anticipated. Rather than two separate suits between these parties, the actions are CT Page 6624-P joined under one complaint.
For the foregoing reasons, the objection to the request to revise is sustained.
Spear, J.