[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, James and Rita Hennessey, brought this action CT Page 9768 for breach of contract in a seventeen count complaint. The gist of their complaint is that, after executing a construction mortgage on real property known as 15-25 Hemingway Avenue in the Town of East Haven and owned by the plaintiff, James Hennessey, the defendant demanded payment of the outstanding balance on the note, refused to advance sums in accordance with the agreement set forth in a letter of commitment and in the terms of the note, demanded additional security, threatened the plaintiffs with involuntary bankruptcy and commenced foreclosure proceedings although the plaintiff was not in default on that note.
The first count of the complaint alleges that, as a result of the defendant's actions, the plaintiffs sustained injury to their credit, reputation and their investment. The second count alleges that the defendant's actions constituted wanton and wilful malicious conduct and a reckless and intentional violation of the plaintiffs' rights. The third count alleges that the defendant's actions constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes, § 42-110b. The fourth count seeks a recision of the note.
The fifth count alleges that the plaintiff Rita Hennessey, the stockholder in a corporation that owned a liquor store on the premises of the Hemingway Avenue property, entered into a contract for the sale of her stock, which sale was cancelled when the defendant unreasonably refused to execute a non-disturbance agreement for the prospective lease; that the defendant's actions in refusing to execute that agreement was a breach of the obligation of good-faith and fair-dealing pursuant to § 42a-1-203 of the General Statutes.
The sixth count realleges the allegations of the fifth count and claims that as a result of the defendant's refusal to execute the non-disturbance agreement the plaintiff James Hennessey lost the benefit of a tenant.
The seventh, ninth and eleventh counts reallege the allegations of the fifth count and claim that the defendant's failure to execute the non-disturbance agreement constituted wanton and wilful malicious conduct and a reckless and intentional violation of the rights of Rita Hennessey, a violation of CUTPA, and constitutes grounds for the recision of the note, respectively. The eighth, tenth and twelfth counts reallege the allegations of count six and, further, claim, respectively, that the defendant's failure to execute the non-disturbance agreement constituted wanton CT Page 9769 and wilful malicious conduct and a reckless and intentional violation of the rights of James Hennessey, CUTPA violation, and grounds for the recision of the note.
The thirteenth count alleges that a lease agreement between the plaintiff James Hennessey and a prospective tenant of the Hemingway Avenue property was aborted when the defendant refused to participate in the lease negotiations or execute a non-disturbance agreement for the prospective tenant, thereby depriving the plaintiff of benefits under the prospective lease.
The fourteenth count realleges the allegations of the thirteenth count and further alleges that the defendant's conduct was a breach of its obligation of good faith and fair dealing under the terms of the mortgage note in violation of § 42a-1-203 of the General Statutes. The fifteenth count incorporates the allegations of the thirteenth count and alleges that the defendant's conduct constituted wanton and wilful malicious conduct and a reckless and intentional violation of the rights of the plaintiff, James Hennessey.
The sixteenth count of the complaint alleges that the defendant's conduct, as alleged in count thirteen, constitutes a violation of CUTPA as to both plaintiffs. Count seventeen claims that the defendant's alleged violation of its obligation of fair dealing and good faith is grounds for a recision of the note. The defendant filed a motion to strike counts two through seventeen of the complaint, citing various grounds for its motion.
A motion to strike is the "proper vehicle to test the legal sufficiency of a complaint or any count therein." Babych v. McRae,41 Conn. Sup. 280, 281 (1990). In ruling on a motion to strike, the court must construe all well pleaded facts in the manner most favorable to the plaintiff. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988); Blancato v. Feldspar Corp.,203 Conn. 34, 36 (1987). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commissioner,182 Conn. 138, 140 (1980).
A pleading or count thereof will survive a motion to strike when it contains all the necessary elements of a cause of action.D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 118-19 (1987). When the allegations of a complaint state mere conclusions of law without sufficient facts to support CT Page 9770 those conclusions, the complaint or count therein is subject to a motion to strike. Cavallo v. Derby Savings Bank, 188 Conn. 281,285 (1982).
Counts six through seventeen allege that the plaintiffs sustained certain damages as a result of the defendant's failure to sign the non-disturbance agreements. The defendant's ground for moving to strike these counts is that the causes of action regarding its failure to execute the two non-disturbance agreements are improperly joined with the breach of contract action regarding the terms of the note. A motion to strike is the proper motion to contest the "joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in or more counts. . ." Practice Book § 152(4).
Several causes of action maybe joined in one complaint "upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of the action. The several causes shall affect all parties to the action." Practice Book § 133(7); General Statutes § 52-97. "Such a statute is to be liberally construed." Goggins v. Fawcett,145 Conn. 709, 710 (1958).
In Teris v. Dawson, 173 Conn. 206, 209 (1977), the plaintiff tried to sue her attorney in one complaint for damages arising from the defendant's alleged negligence while performing two separate real estate closings for the plaintiff. The Supreme Court, noting that the agreements were executed on different dates and required different closings, stated that:
 [T]he duty which the defendant allegedly owed the plaintiff arose from a distinct agreement, and it does not appear from the complaint that each duty was not breached by a separate action, or failure to act, on the part of the defendant. From the pleadings it would appear that there were two primary rights which were separately infringed . . . Each allegation of negligence would have to be established by different evidence justifying invocation of the policy of separating issues in order to avoid complexity and confusion.
(Citations omitted.) Id., 209. CT Page 9771
In the present case, the plaintiffs have joined three distinct actions together: first are the allegations of the defendant's improper acts regarding the construction note and mortgage on the Hennessey real estate; second are the allegations of the defendant's failure to sign a non-disturbance agreement pursuant to a sale of Rita Hennessey's stock in a liquor store on the subject property; and the third action is a claim regarding the defendant's failure to sign a non-disturbance agreement concerning a prospective lease agreement between James Hennessey and a prospective tenant.
These three actions are linked by the construction mortgage and the note for development of the property located at 15-25 Hemingway Avenue in the Town of East Haven. "To satisfy the applicable provisions of § 52-97, the . . . causes of action must be connected with the same subject of the action. The first subject must have caused the second subject to come into existence."Matyas v. Eddy, 25 Conn. Sup. 403, 405 (Super.Ct. 1964). This "surely as night follows day" reasoning is satisfied where, as here, the common thread linking all of the actions is the construction mortgage and note. It would be a fiction to assert that any of the plaintiffs' claims are independent of rather than flowing from the construction mortgage.
The motion to strike counts six through seventeen on the grounds of improper joinder of claims is denied. Since the same ground is claimed for striking counts five through twelve, arising out of the aborted stock sale, as well as the counts arising out of the failed lease agreement, counts thirteen through seventeen, the motion to strike counts five through seventeen on the grounds of misjoinder of claims is denied.
The defendant's motion to strike counts two, seven, eight and fifteen is based on the claim that the plaintiffs failed to allege the necessary factual allegations to support their claim. "[T]o be legally sufficient, [allegations of] wanton and reckless misconduct must be predicated on the duty of one party to act." WinstedSavings Bank v. Salmon Brook Properties Inc., 7 CSCR 91, 92
(November 26, 1991, Hennessey, J.) city Sherman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46 (1985).
The requisite duty may be found in contract or statute.Sherman v. Lafayette Bank Trust Co., supra, 45-46. The party relying on allegations of wanton and wilful malicious conduct must allege the specific contractual or statutory provisions upon which CT Page 9772 a duty to act was predicated to survive a motion to strike. Id.;Winsted Savings Bank v. Salmon Brook Properties, Inc., supra, 92. The plaintiffs begin by alleging the existence of a construction mortgage secured by a note for development of the real property owned by the plaintiff, James Hennessey. The defendant was the mortgagor and, in accordance with the terms of a written agreement between the parties, was to advance sums as the development proceeded.
The plaintiffs allege that the payments on the note were current when, contrary to the terms of the agreement and the note, the defendant, inter alia, demanded payment of the outstanding balance of the note, commenced foreclosure proceedings, and breached the agreement by refusing to advance sums to the plaintiff. In addition to the allegations of a breach of duty based on contract, the plaintiffs further allege misconduct by the defendant in violation of a statutory obligation imposed by General Statutes § 42a-1-203.
The plaintiffs further allege that the facts in support of their claims of wanton and wilful malicious conduct and reckless and intentional violation of the plaintiffs' rights by the defendant also support their claims that the defendant violated CUTPA. The defendant concedes that CUTPA does in fact apply to banks and, accordingly, has withdrawn its claim that its actions are exempt from the statutory provisions. The defendant, however, maintains that its motion to strike the allegations of violation of CUTPA remains viable on the grounds that the statutory provisions are inapplicable for a single breach of contract with no consumer effect.
The plaintiffs have alleged a course of conduct by the defendant that resulted in substantial injury to the plaintiffs. Assuming the reasonableness of viewing the allegations as a single breach of conduct, the court is obligated to view the factual allegations of the complaint in the light most favorable to the plaintiffs. Gordon v. Bridgeport Housing Authority, supra. In order to determine whether a practice violates CUTPA, the courts must be guided by the following criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is CT Page 9773 within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessman)].
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254
(1988).
"All three criteria need not be satisfied to support the requisite finding of unfairness. A practice maybe unfair because of the degree to which it meets one of the criteria or because, to a lesser degree, it meets all three." Atlantic Ridgefield Co. v.Canaan Oil Co., 202 Conn. 234, 242 (1987). In viewing the complaint in a manner most favorable to the plaintiffs, it is clear that the allegations set forth a pattern of conduct over a period of time consisting of the alleged breach of the mortgage agreement, the two separate instances of refusal to sign non-disturbance agreements, demanding payment of the out standing balance on the note when payments thereon were not in default and moving to foreclose the mortgage as well as threatening the plaintiffs with involuntary bankruptcy proceedings.
The factual allegations describe a regulated industry engaged in a course of conduct that is not condoned by the statutes governing the defendant whose conduct, as alleged, is immoral, oppressive and unscrupulous. Daddona v. Liberty Mobile Home Sales,Inc., supra, 254. The public interest in the strict regulation of its banking institutions and the assurance that those institutions impact fairly upon the public it serves is a "specific and substantial" interest. See, Ivey, Barnum O'Mara v. Indian HarborProperties, Inc., 190 Conn. 528, 540 (1983). The "allegedly deceptive acts or practices. . . arise out of a private controversy [and] are actionable [because]. . . the acts or practices have a potential effect on the general consuming public." Id. The defendant's motion to strike counts two, seven, eight and fifteen as well as counts three, nine, ten and sixteen is denied.
Counts four, eleven, twelve and seventeen of the complaint seek recision of the note, claiming that no adequate remedy at law exists. The motion to strike these counts is on the ground that the plaintiffs have alleged an adequate remedy at law. Practice Book 133 provides that both legal and equitable rights and causes CT Page 9774 of action may be included in a complaint and a party may demand both legal and equitable remedies. Also, see AM Realty v. Dahms,217 Conn. 95, 102 (1991). The plaintiffs have alleged alternative causes of action seeking both legal and equitable relief. "The plaintiff may claim alternative relief, based upon an alternative construction of his cause of action." Practice Book § 137. The motion to strike counts four, eleven, twelve and seventeen is denied.
The fifth and fourteenth counts allege that the defendant's failure to sign the non-disturbance agreements constitutes a violation of the obligation of good faith and fair dealing pursuant to General Statutes § 42a-1-203. The motion to strike these counts is on the grounds that the plaintiffs have failed to specify the contract provisions they claim the defendant has breached.
In order for a party to sufficiently allege a violation of good faith, it must allege contract provisions that the opposing party breached, and facts indicating that the opposing party breached the contract. Winsted Savings Bank v. Salmon BrookProperties, Inc., supra, 92. The implied covenant of good faith and fair dealing under § 42a-1-203 has been applied in contractual relationships such as that of lender-borrower. Union Trust Companyv. Jackson, supra.
The allegations of the complaint indicating a construction mortgage secured by a note for development of the plaintiff's commercial property, with scheduled advance payments under both a written agreement and the terms of the note securing the mortgage, timely payments on the note and the parties' interest in completion of the development are sufficient, for purposes of a motion to strike, to survive a claim that the provisions of the contract have not been set forth with specificity.
The motion to strike counts five and fourteen is denied.
The entire motion to strike is denied.
BY THE COURT
LEANDER C. GRAY, JUDGE CT Page 9775