OVERALL v KADELLA

Docket No. 65562. Submitted April 9, 1984, at Grand Rapids.—Decided October 16, 1984.

Plaintiff, Randel C. Overall, and defendant, Steven Kadella, were hockey players on opposing teams. Following a game a fight broke out between the teams. During the fight defendant struck plaintiff, fracturing the bones around plaintiff's eye. Plaintiff brought an action for damages in the Oakland Circuit Court. After a mediation award of $5,000 was rejected by both parties the case was removed to the 48th District Court. That court found that defendant had struck the plaintiff without provocation while plaintiff remained on the bench, off the field of play. Judgment was entered for the plaintiff in a total amount of $46,000. Defendant appealed to the Oakland Circuit Court, which affirmed, Robert L. Templin, J. Defendant appealed by leave granted. *Held:*

1. Venue in the 48th District Court was proper even though the incident occurred within the geographic bounds of the 51st Judicial District. Defendant failed to make a timely motion to change venue, and the statute regarding removal in effect at the time provided that each of the lower courts in a circuit was to be assigned a proportion of the cases removed to lower courts.

2. A judgment in an action which has been removed to district court is lawful even though the amount of the judgment exceeds the jurisdictional limitation otherwise applicable to cases commenced in district court.

3. The factual findings of the court are not clearly erroneous, with one exception that is harmless in light of the court's other findings.

4. Although participation in a game involves a manifestation

REFERENCES FOR POINTS IN HEADNOTES

[1] 77 Am Jur 2d, Venue § 86.
[2] 75 Am Jur 2d, Trial § 27.
[3] 76 Am Jur 2d, Trial § 1259.
[4] 4 Am Jur 2d, Amusements and Exhibitions § 86.
Liability of participant in team athletic competition for injury to or death of another participant. 77 ALR3d 1300.

of consent to those bodily contacts permitted by the rules of the game, an intentional act causing an injury, which goes beyond what is ordinarily permissible, is an assault and battery for which recovery may be had. In this case the defendant's intentional battery certainly violated the hockey league's rule against fighting and arguably did not even occur during the game. The trial court did not clearly err in finding liability.

Affirmed.

1. VENUE — CHANGE OF VENUE.

Improper venue in a civil action must be changed by order of the court, either on the timely motion of the defendant or by the court on its own motion (GCR 1963, 404).

2. COURTS — CIRCUIT COURT — DISTRICT COURT — REMOVAL OF CASE
    — JURISDICTIONAL AMOUNT.

A case may be removed from circuit court to district court where it appears that the amount of damages sustained may be less than the jurisdictional limitation of the district court; where a case is so removed the judgment is lawful to the extent of the amount demanded notwithstanding the jurisdictional limitation on the amount in controversy otherwise applicable to cases commenced in the district court (MCL 600.641[1], [4]; MSA 27A.641[1][4]).

3. COURTS — BENCH TRIAL — FINDINGS OF FACT.

A trial court in a bench trial must make brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts; the court's findings of fact will not be set aside unless clearly erroneous (GCR 1963, 517.1).

4. TORTS — GAMES — CONSENT TO BATTERY — ASSAULT AND BATTERY.

Participation in a game involves a manifestation of consent to those bodily contacts which are permitted by the rules of the game; however, an intentional act causing injury, which goes beyond what is ordinarily permissible, is an assault and battery for which recovery may be had.

*Mager, Monahan, McKelvie & Donaldson* (by *Charles L. McKelvie),* for plaintiff.

*Richard D. Fessler,* for defendant.

Before: R. M. MAHER, P.J., and WAHLS and J. A. HATHAWAY,* JJ.

PER CURIAM. On April 17, 1975, two amateur hockey teams, the Waterford Lakers and the Clarkston Flyers, played each other in a hockey game. After the game had ended, a fight broke out between defendant, who played for the Flyers, and a member of the opposing team. This fight soon became general, with players leaving the benches to join the melee. During the fight, defendant struck plaintiff, knocking him unconscious and fracturing the bones around plaintiff's right eye.

At trial, defendant stated that he had gone to shake hands with the opposing team after the game when he was struck from behind. Both benches cleared and a scuffle ensued, during which defendant stated he saw a hockey stick coming toward his head. Defendant testified that he was hit several times before he turned around and hit the person swinging the stick. He did not know plaintiff had been injured by the blow and, in fact, did not know whom he had struck until much later. Three witnesses testifying on behalf of defendant stated that plaintiff remained on the bench during the fight, but poked or hit defendant with a hockey stick during the fight. They all saw defendant retaliate by turning and throwing one punch.

Plaintiff's testimony and that of two spectators at the game differed from this testimony in significant respects. According to these witnesses, plaintiff remained on the bench even after all other players had joined the fray. The bench was well removed from the fighting and plaintiff did not poke or hit anyone with a hockey stick. Defendant skated over to the bench and struck plaintiff who

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had done nothing to provoke the attack. Defendant then skated away.

The hockey referees at the game testified that defendant had engaged in at least three separate fights after the game was over. He was given three game misconducts because fighting is against the rules of the Michigan Amateur Hockey Association. These rules are designed to stop violence. The bench is considered part of the playing field. One of the referees saw plaintiff poke defendant with a hockey stick to get defendant's attention and then saw defendant attack plaintiff by striking him.

At the conclusion of the bench trial, the district court found that "without provocation the defendant in the heat of his battles swung his hockey stick at the plaintiff who was off the field of play and not engaged in the fight and struck him on the right side resulting in the injuries of which he complained". The court also found that plaintiff had suffered damages of $21,000 for out-of-pocket expenses, pain and suffering, and permanent injury, and awarded an additional $25,000 as exemplary damages because defendant's act had been "intentional and malicious".

On appeal defendant first argues that the 48th District Court did not have proper venue over the case because the incident occurred within the geographic bounds of the 51st Judicial District. Pursuant to GCR 1963, 404, improper venue in a civil action must be changed by order of the court, either on the timely motion of a defendant or by the court on its own motion. Defendant failed to file a timely motion (he first raised the issue in his appeal to the circuit court) and so failed to invoke the mandatory change of venue.

In addition, venue in the 48th District Court was proper. The case was originally filed in Oakland County Circuit Court, but after a mediation award

of $5,000 was rejected by both sides the case was removed to the 48th District Court. Removal of a case from circuit court to district court because of a failure to meet the jurisdictional amount in circuit court is governed by MCL 600.641(1); MSA 27A.641(1). At the time of the trial, the statute provided:

"If it appears at the conclusion of a pretrial hearing on an action commenced in the circuit court that the amount of damages sustained may be less than the jurisdictional limitation as to the amount in controversy applicable to the lower court, the circuit judge may, without the consent of the parties, remove the action to a lower court within the county which would have had jurisdiction but for the amount of damages demanded. These actions shall be assigned by lot by the clerk of the court to all lower courts and districts within the county. Each lower court or district in the county shall be assigned, as nearly as possible, a proportion of the total number of removed actions equal to the proportion of the total number of lower court judges serving on the court or in the district."[1]

Defendant also contends that the district court lacked jurisdiction to award actual damages over $10,000. However, while MCL 600.8301(1); MSA 27A.8301(1) provides that a district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $10,000, MCL 600.641(5); MSA 27A.641(5) expressly provides that when an action is removed to district court (as occurred here), the judgment "shall be lawful to the extent of the amount demanded, notwithstanding the jurisdictional limitation as to the amount in controversy otherwise applicable to cases commenced in the lower court". We therefore reject defendant's contention.

[1] This statute has since been amended by 1980 PA 438, § 1, effective March 31, 1981.

Defendant next argues both that the trial court did not properly disclose the basis of its findings of fact and that those findings were clearly erroneous. In a bench trial, the court must make "brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts". GCR 1963, 517.1; *Karaskiewicz v Blue Cross & Blue Shield of Michigan,* 126 Mich App 103; 336 NW2d 757 (1983), *lv den* 418 Mich 882 (1983). Further, findings of fact by a trial court will not be set aside unless clearly erroneous. GCR 1963, 517.1.

Defendant objects to three findings on these grounds. He first objects to the court's finding that defendant's attack was not provoked by plaintiff. We find that the trial court amply provided this Court with the factual basis for this conclusion and further find that the court's conclusion was not clearly erroneous. The court concluded that plaintiff's witnesses were more credible than defendant's witnesses, including defendant himself, especially in light of the fact that defendant would not have been able to see a hockey stick swung at him while he was "actively engaged in fighting". Defendant next objects to the court's finding that plaintiff was not in the "field of play" when he was struck. As there was no dispute over the "fact" that plaintiff was seated on the bench throughout the brawl, the only dispute was over whether or not the bench was part of the "field of play". We find that the court correctly concluded that the bench is not part of the area in which the game is actually played. Although the referee may still have jurisdiction over the players while they are seated on the bench, this does not convert the bench to part of the playing surface.

Defendant's last objection is to the court's finding that defendant struck plaintiff with a hockey

stick. We find, and plaintiff concedes, that this statement is clearly erroneous as there was no evidence that defendant used anything but his fist in striking plaintiff. However, this erroneous finding is harmless as it is clear that the court properly found that a battery was committed.

Defendant's next contention is that plaintiff may not sue for an injury incurred while plaintiff was voluntarily participating in a hockey game. This argument is expressed in the phrase, *"volenti non fit injuria",* or "he who consents cannot receive an injury".

Participation in a game involves a manifestation of consent to those bodily contacts which are permitted by the rules of the game. Restatement Torts, 2d, § 50, comment b. However, there is general agreement that an intentional act causing injury, which goes beyond what is ordinarily permissible, is an assault and battery for which recovery may be had. 4 Am Jur 2d, Amusements and Exhibitions, § 86, p 211.

In *Nabozny v Barnhill,* 31 Ill App 3d 212; 334 NE2d 258 (1975), a player in an amateur soccer match kicked the opposing goalkeeper in the head while the goalkeeper was in possession of the ball in the penalty area. This act directly violated the safety rules of the game. In deciding whether or not the goalkeeper could bring a tort action against the soccer player, the *Nabozny* Court held that a player is charged with a legal duty to every other player to refrain from conduct proscribed by a safety rule. The Court then rejected the defendant's contention that there should be tort immunity for any injury to another player that occurs during the course of a game:

"This court believes that the law should not place unreasonable burdens on the free and vigorous partici-

pation in sports by our youth. However, we also believe that organized, athletic competition does not exist in a vacuum. Rather, some of the restraints of civilization must accompany every athlete onto the playing field. * * *

\* \* \*

"It is our opinion that a player is liable for injury in a tort action if his conduct is such that it is either deliberate, wilful or with a reckless disregard for the safety of the other player so as to cause injury to that player, the same being a question of fact to be decided by a jury." 31 Ill App 3d 215; 334 NE2d 260, 261.

Other cases have also held that the violation of safety rules during a game gives rise to tort liability. In *Griggas v Clauson,* 6 Ill App 2d 412; 128 NE2d 363 (1955), a player who intentionally struck an opposing player during a basketball game was found liable, and, in *Bourque v Duplechin,* 331 So 2d 40 (La App, 1976), *cert den* 334 So 2d 210 (La, 1976), liability was found where a baserunner in a softball game dove into the second baseman five feet from the base and struck him with his forearm in order to break up a double play. We agree with these Courts that liability may be found on such facts. In this case, defendant's own witness testified that the rule against fighting in hockey is designed to stop violence. Defendant's intentional battery certainly violated this rule. In addition, under the facts found by the trial court, it is arguable that the battery did not even occur during the hockey game. It is therefore doubtful whether consent to a battery during a game would constitute consent to a battery after the game.

Defendant also argues that he was merely exercising his right of self-defense by striking back at the person who was hitting him with a hockey stick. The trial court rejected this contention after

concluding that plaintiff had not had a hockey stick and that, even if he had had one, the area of the fight was beyond plaintiff's reach. We do not find this conclusion to be clearly erroneous.

Affirmed.