## GARY P. CAHILL *v.* PAUL CARELLA

| SUPERIOR COURT | JUDICIAL DISTRICT OF FAIRFIELD | FILE No. 309812S |

Memorandum filed May 18, 1994

*Brandner & Ponzini,* for the plaintiff.
*Schwartz & Cassidy,* for the defendant.

FULLER, J. The defendant has raised, by way of a motion to strike, the question whether there should be

immunity from liability for ordinary negligence where one player injures another player while participating in a sporting event. The complaint contains two counts, negligence and reckless misconduct. The defendant has also moved to strike the second count on the ground that it fails to state sufficient facts to amount to recklessness. A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings; the allegations of the complaint are entitled to the same favorable construction a trier would be required to give them in admitting evidence, and if the facts provable under the allegations support a cause of action, the motion to strike must be denied. *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 108–109, 491 A.2d 368 (1985).

The plaintiff was injured while playing in a softball game between teams in a recreational league in Shelton. The plaintiff was on first base and ran toward second when the batter hit a ground ball to the third baseman. The defendant was the pivot man on an around-the-horn double play. The complaint alleges that as the plaintiff was sliding into second base the defendant "submarined" the ball directly at the plaintiff. It is alleged that it should have been clear to the defendant that the plaintiff was sliding, that the defendant was negligent by throwing the ball in an improper manner considering his ability and skill level, and that he threw the ball low to the ground as the plaintiff was in the process of sliding into second base. The second count is similar except that it labels the defendant's conduct as gross and wanton recklessness.

Liability for sports related injuries to players has been discussed in cases from other states, but has not been decided by any appellate court in Connecticut. Cases that have involved sports related injuries to players have been decided on the ground that the defendant was not negligent without raising the issue of immu-

nity for injuries negligently inflicted by one player upon another. See *Walsh* v. *Machlin,* 128 Conn. 412, 23 A.2d 156 (1941). In *Babych* v. *McRae,* 41 Conn. Sup. 280, 567 A.2d 1269 (1989), a Superior Court decision, a motion to strike a negligence count in a complaint was denied. There, a professional hockey player for the Hartford Whalers was injured by a player on the Quebec Nordiques hockey team when the defendant hit the plaintiff on the right knee with a hockey stick. The complaint alleged that the defendant was negligent in swinging his hockey stick when he knew or should have known that such action could cause serious injury, that the defendant's conduct violated a National Hockey League rule, and that the action was retaliatory by the defendant. The court rejected the claim that negligence was not a legally sufficient cause of action where one professional athlete in an event is injured by another, and found that the plaintiff had pleaded sufficient facts to show that the defendant breached a duty owed to the plaintiff, and that the breach proximately caused the injury. Id., 283.

In addition to arguing for complete immunity for negligently inflicted sports injuries, the defendant also claims that the plaintiff fails to state sufficient facts to support a recovery for negligence. Negligence is a breach of duty. *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 304, 93 A.2d 292 (1952). Unless some relationship exists between the person injured and the defendant by which the latter owes a duty to the former, there can be no liability for negligence. *Frankovitch* v. *Burton,* 185 Conn. 14, 20, 440 A.2d 254 (1981). A duty to use care rises from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that the harm of the general nature as that suffered was likely to result from his actions. *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 375, 441 A.2d 620 (1982); D. Wright & J. Fitzgerald,

Connecticut Law of Torts, (3d Ed. 1991) § 29, p. 45. The test for existence of a duty to use care is found in the foreseeability that harm may result if care is not exercised; it does not have to be shown that the particular injury was forseeable by the defendant, but only that an ordinary person in the defendant's position, knowing what he knew or should have known, would anticipate that harm of the general nature of that which occurred was likely to result. *Frankovitch* v. *Burton,* supra, 20–21. The existence of a duty is a question of law; *Shore* v. *Stonington,* 187 Conn. 147, 151, 444 A.2d 1379 (1982); but the existence of a duty and what it is depends upon the facts of each situation.

While the conduct of most players in a sporting event will not rise to the level of actionable negligence, the complaint states that the defendant submarined the ball directly at the plaintiff when it was clear or should have been clear to the defendant that the plaintiff was sliding. This allegation implies intentional conduct even though there may have been no intent to injure. *Babych* v. *McRae,* supra, 41 Conn. Sup. 280. Accordingly, the complaint states a cause of action for negligence.

The defendant also contends that negligence claims for sports related injuries by persons who voluntarily participate in competitive games are barred as a matter of law. If such a rule is to be adopted in this state it should come from a higher court, or at least there should be some guidance from appellate decisions from which the immunity concept urged by the defendant can be inferred. Initial problems are the defining of "sports injury" and whether immunity should exist for participation in voluntary, recreational athletic games as well as for paid, professional ones.

A majority of the jurisdictions that have considered the issue conclude that proof of reckless or intentional conduct is required in sports injury cases. See, e.g.,

*Hackbart* v. *Cincinnati Bengals Inc.,* 601 F.2d 516, 524 (10th Cir. 1979) (professional football game); *Nabozny* v. *Barnhill,* 31 Ill. App. 3d 212, 334 N.E.2d 258 (1975) (soccer game); *Picou* v. *Hartford Ins. Co.,* 558 So. 2d 787 (La. App. 1990) (softball game); *Gauvin* v. *Clark,* 404 Mass. 450, 537 N.E. 2d 94 (1989) (college hockey game); *Ross* v. *Clouser,* 637 S.W.2d 11 (Mo. 1982) (softball game); *Kabella* v. *Bouschelle,* 100 N.M. 461, 672 P.2d 290 (1983) (football game); *Marchetti* v. *Kalish,* 53 Ohio St. 3d 95, 559 N.E.2d 699 (1990) ("kick the can" game). Some of these decisions have been based on the concept that negligence liability for sports related injuries would curtail participation and the vigorous and active play that is essential to some sporting events, while imposing liability for reckless disregard of safety discourages players from seeking retaliation in that or in later games. *Nabozny* v. *Barnhill,* supra, 215; *Gauvin* v. *Clark,* supra, 454; *Kabella* v. *Bouschelle,* supra, 465.

Other cases apply an ordinary negligence standard of care for sports injury cases; see, e.g., *Carey* v. *Toles,* 7 Mich. App. 195, 151 N.W.2d 396 (1967) (baseball game); *Crawn* v. *Campo,* 266 N.J. Super. 599, 638 A.2d 368 (1993) (softball game); *Lestina* v. *West Bend Mutual Ins. Co.,* 176 Wis. 2d 901, 501 N.W.2d 28 (1993) (soccer game); on the theory that a person participating in sports activities can properly be regarded to act as a reasonable person of ordinary prudence under the circumstances. Recovery for ordinary negligence is usually limited to noncontact team or individual sports. See cases cited in *Lestina* v. *West Bend Mutual Ins. Co.,* supra, 912 n.

Some of the cases denying recovery for sports related injuries are based on the assumption of the risk doctrine. *Overall* v. *Kadella,* 138 Mich. App. 351, 361 N.W.2d 352 (1984) (fight at hockey game); *Kabella* v. *Bouschelle,* supra, 100 N.M. 463; *Marchetti* v. *Kalish,*

supra, 53 Ohio St. 3d 100–101; see also *Knight* v. *Jewett,* 3 Cal. 4th 296, 834 P.2d 696, 11 Cal. Rptr. 2d 2 (1992); *Turcotte* v. *Fell,* 68 N.Y.2d 432, 502 N.E.2d 964, 510 N.Y.S. 2d 49 (1986); both holding that reckless or intentional misconduct is actionable because it is outside the range of ordinary activity involved in the sport, but otherwise a sports participant assumes the risk of negligence at the hands of a coparticipant. Assumption of the risk was rejected for sports injury cases in *Crawn* v. *Campo,* supra, 266 N.J. Super. 607. Connecticut has also abolished the assumption of the risk doctrine for negligence actions under General Statutes § 52-572h (1). Instead of the doctrines of assumption of the risk, last clear chance and contributory negligence, the single standard of comparative negligence applies, and in determining the relevant negligence of each party the trier may consider the factors relevant to the assumption of the risk doctrine. *Wendland* v. *Ridgefield Construction Services, Inc.,* 190 Conn. 791, 797–98, 462 A.2d 1043 (1983). *Crawn* v. *Campo,* supra, 612, indicates several factors that may bear on the issue of reasonable care in a sports event: "what sport was involved; whether it was a professional game or an amateur contest; what equipment was involved in the sport, and what was its purpose; whether the sport was conducted pursuant to a recognized set of rules, or no rules at all; whether the injurious conduct violated a rule of the contest and, if so, whether the rule was designed for the participants' safety; what was the ultimate purpose of the game and what were the customary methods of winning it; what were the ages, physical characteristics and skills of the participants; what knowledge of the rules and customs of the game the participants possessed; what degree of competitiveness the activity involved; and what the relationship participants' conduct bore to the ultimate purpose of the contest." See also *Lestina* v. *West Bend Mutual Ins. Co.,* supra, 176 Wis.2d 913 (recognizing similar factors).

The application of these or other factors cannot be determined on a motion to strike, and Connecticut law does not presently provide for automatic immunity for all sports related injuries. While some contact may occasionally and accidentally occur in recreational softball games, it is not a contact sport, so recovery for injuries is not necessarily limited to reckless or intentional misconduct.

As previously discussed, even in those jurisdictions that do not allow a negligence recovery for sports injuries by participants, the injured player can recover upon proof of reckless or intentional conduct by another participant. Reckless conduct is more than negligence and more than gross negligence, and there must be something more than a failure to exercise a reasonable degree of care to avoid danger to others or to take reasonable precautions to avoid injury to them. *Dubay* v. *Irish,* 207 Conn. 518, 532, 542 A.2d 711 (1988); *Mooney* v. *Wabrek,* 129 Conn. 302, 308, 27 A.2d 631 (1942). Reckless conduct is highly unreasonable conduct involving an extreme departure from ordinary care; it must be more than a mere mistake resulting from inexperience, excitement, or confusion and more than mere thoughtlessness or inadvertence or inattention. *Dubay* v. *Irish,* supra, 533. While a statement in a complaint that the defendant's conduct was reckless is a legal conclusion, and the facts in the complaint must reasonably support a claim of reckless conduct, paragraphs eight, nine and ten of the second count, if construed most favorably to the plaintiff, are sufficient to pass muster on a motion to strike, even though they are largely duplicative of the statements in the negligence count.

The motion to strike is denied.