[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED AUGUST 1, 1996
A. FACTS
In her complaint, the plaintiff, Cynthia Jaworski, alleged the following facts considered material by this court. On May 16, 1993 she was injured by the defendant, Harry Kiernan, while both were participating in a coed recreational soccer game organized by the South Windsor Recreation Department. The challenge rule was in effect during the game prohibiting a male player from challenging a female player while she was in control of the ball. During the game, while she was in control of the soccer ball, the defendant negligently and/or recklessly hit her from behind while attempting to take the ball away from her. The defendant kicked her causing a tear of the anterior cruciate ligament of her left knee.
The plaintiff filed a two count complaint against the defendant. The first count was in negligence and the second count was in reckless conduct.
On April 26, 1996, a New Britain Superior Court jury returned a verdict in favor of the plaintiff on the negligence count and for the defendant on the reckless conduct count. The jury awarded $20,910.33 in economic damages and $0. in non-economic damages, with no comparative responsibility assessed against the plaintiff. The $20,910.33 was the exact amount of the medical CT Page 5292 bills incurred by the plaintiff as a result of the incident. The defendant did not dispute the amount of the medical bills, nor did the defendant dispute that the medical bills resulted from the incident. Prior to accepting the verdict, the court instructed the jury to reconsider the award of zero non-economic damages and further instructed them to fill in the appropriate blank in the damages portion of the plaintiffs verdict form which had been left blank. After further deliberation, the jury returned with the same award of zero non-economic damages. Thereupon, the court accepted the award and the following two operative motions were filed. The two motions are: 1. Defendant's motion to set aside the verdict and for judgment notwithstanding the verdict (123): and 2. Plaintiff's motion for Additur and Motion to set aside the verdict (122).
B. DISCUSSION:
 1. Defendant's motion to set aside the verdict pursuant to Practice Book § 321 and Defendant's motion for judgment notwithstanding the verdict. (#123)
The defendant moves this court to set aside the verdict and render a judgment in favor of the defendant notwithstanding the verdict because "no action exists for personal injuries sustained in an athletic competition for negligent conduct."
This court recognizes that there is no Connecticut Appellate authority on this issue. However, there have been trial court opinions that have addressed it, see Cahill v. Carella,43 Conn. Sup. 168, 648 A.2d 169, 11 CONN. L. RPTR. 513 (1994) (Fuller, J.) and Babych v. McRae, 41 Conn. Sup. 280, 567 A.2d 1269
(1989) (Schaller, J.).
The essential elements of a cause of action for negligence are duty, breach, causation and damages. Doe v. Manheimer,212 Conn. 748, 755, 563 A.2d 699, reversed in part on other grounds,234 Conn. 597, 608 (1995); Coste v. Riverside Motors, Inc.,24 Conn. App. 109, 112, 585 A.2d 1263 (1991). "[A] breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence." (Citations omitted.) Catz v. Rubenstein, 201 Conn. 39, 44,513 A.2d 98 (1986). "A duty to use care rises from circumstances under which a reasonable person, knowing what he knew or should CT Page 5293 have known, would anticipate that the harm of the general nature as that suffered was likely to result from his actions." Coburnv. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). The ultimate test of the existence of a duty to use reasonable care is to be found in the foreseeability that harm may result if that care is not exercised. Pisel v. Stamford Hospital, 180 Conn. 314,332 (1980).
Cahill v. Carella, supra, involved an injury which occurred during a recreational softball game. The plaintiff alleged the defendant intentionally submarined the softball directly at him when the defendant knew or should have known that the plaintiff was sliding. The defendant urged the court to adopt an immunity against ordinary negligence in recreational sporting events. Although Judge Fuller recognized that a majority of the jurisdictions have concluded that proof of reckless or intentional conduct is required in sports injury cases; id., 171; he declined to adopt an immunity for negligence and found that the complaint stated a cause of action for negligence.
In Babych v. McRae, supra, Judge Schaller denied the defendant's motion to strike the plaintiffs negligence count. The plaintiff was a professional hockey player who was injured by the defendant, a rival professional hockey player, when the defendant struck the plaintiff across the knee with his hockey stick. The plaintiff alleged this action violated the league's safety rules. Judge Schaller held that the plaintiff had sufficiently stated a cause of action in negligence and noted that Connecticut has no authority limiting torts between professional athletes to recklessness.
The defendant has supplied the court with a comprehensive list of authority supporting the view that the majority of states prohibit a cause of action in tort for negligence during a recreational sporting event with reckless or intentional conduct being required.[1] The defendant argues that if this court chooses to recognize a cause of action in negligence, then
 [s]occer, basketball, football, or any contact sport will never be the same . . . Every penalty in a football game, soccer game, hockey game, or a foul in a basketball game will present an opportunity for another lawsuit . . . If the court allows the jury verdict on the first count [in negligence] for the plaintiff to stand, the chill which it will supply to CT Page 5294 vigorous athletic competition will be widespread and pervasive.
In this court's opinion, the plaintiff's rationale is more realistic and compelling. The plaintiff argues: "If players are held to use reasonable care to obey the rules, casual athletes will be emboldened to participate with fewer reservations than if careless play were encouraged by immunity." The plaintiff citesLestina v. West Bend Mutual Insurance Co., 176 Wis.2d 901,501 N.W.2d 28 (Wisc. 1993), where the Wisconsin Supreme Court adopted negligence as the appropriate standard governing injuries during recreational sports.
In Cahill v. Carella the court listed several states that apply an ordinary negligence standard of care for sports injury cases.[2] Recovery is allowed "on the theory that a person participating in sports activities can properly be regarded to act as a reasonable person of ordinary prudence under the circumstances. Recovery for ordinary negligence is usually limited to noncontact team or individual sports." Id., 172.
It is this court's opinion that the general negligence rule is appropriate in this case.[3] It is for the legislature or an appellate court to carve out an immunity for coed recreational sports not the trial court. Combining this limited cause of action with the invariably fact specific negligence standard of care,[4] this decision's "chilling effect" on recreational sporting events, if any, will be offset by the injection of the element of care in the way the sport is played.
Although this court recognizes a cause of action for negligence for injuries sustained in a coed recreational sporting event between participants with dissimilar abilities, had the plaintiff and the defendant been of equal abilities, or had the game been between players of the same age and gender, or had the game been between professional or collegiate athletes, the outcome may have been different.
The defendant further argues that the court committed error when it gave the jury instruction on the relevance of the soccer challenge rule. The court instructed the jury with the following language:[5]
 You have heard testimony about rules which were in effect during the soccer game in which the injury CT Page 5295 occurred. Where a recognized set of rules governs the conduct of a competition; and a safety rule contained therein is primarily designed to protect players from serious injury, a player is charged with a legal duty to every other player on the field to refrain from conduct prohibited by the safety rule . . . of course, the factual question of whether any rule was a safety rule, whether the defendant violated the rule . . . are all factual questions for your determination . . .
The defendant took exception to the court's characterization of the rule as a safety rule. The jury instruction left the determination of whether the rule was violated, and whether it was a safety rule, strictly up to the jury. Accordingly, no error is found with this instruction.
Therefore, it is decided that the defendant's motion to set aside the verdict and motion for judgment notwithstanding the verdict should be denied.
 2. Plaintiffs motion for additur and motion to set aside the verdict (#122)
The plaintiff argues that the jury verdict of full economic damages and zero non-economic damages with no comparative responsibility assessed against the plaintiff, is a manifestly unjust and inadequate verdict.
"We have held that where the plaintiffs are entitled to recover damages for their injuries, an award limited to nominal or special damages is `manifestly inadequate' and should be set aside." Malmberg v. Lopez, 208 Conn. 675, 546 A.2d 264 (1988);Johnson v. Franklin, 112 Conn. 228, 229, 152 A. 64 (1930);Jefferies v. Johnson, 27 Conn. App. 471, 473-74, 607 A.2d 443
(1992). "As a general rule, it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards special damages." Creem v. Cicero, 12 Conn. App. 607, 611,533 A.2d 234 (1987); Johnson v. Franklin, supra 112 Conn. 229.
In the instant case, the jury found for the plaintiff on the negligence count in the amount of her full economic losses. There was substantial testimony by the plaintiff and her expert regarding the extent of treatment this type of injury required, e.g., two surgical procedures, the painful therapy, loss of use, CT Page 5296 pain and suffering, and a 15% permanent partial disability of the knee, which was uncontroverted by the defense. In light of these particular facts, the verdict of zero non-economic damages is manifestly unjust.
However, a court should be careful whenever it considers setting aside a jury verdict, Barbieri v. Taylor, 37 Conn. Sup. 1,426 A.2d 314 (1980). In Barbieri, Judge Berdon stated:
 `The right to a jury trial is fundamental in our judicial system, and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court.' Camp v. Booth 160 Conn. 10, 13, 273 A.2d 714 (1970); Jacobs v. Goodspeed, 180 Conn. 415, 429 A.2d 915 (1980); Gosselin v. Perry, 166 Conn. 152, 168, 348 A.2d 623 (1974). Clearly then, the amount of damages is within the province of the jury. Szivos v. Leonard, 113 Conn. 522, 525, 155A.637 (1931). `To justify setting aside a verdict, something more than a doubt of its adequacy must exist.' Vetre v. Keene, 181 Conn. 136, 141, 434 A.2d 327 (1980). Therefore, upon reviewing the adequacy of an award, the court must move cautiously to determine whether it should interfere with the verdict of a jury.
Id., 2-3.
In Johnson v. Franklin, supra, the jury returned a verdict for the plaintiff in the exact amount of the alleged special damages with zero in non-economic damages. The Supreme Court ordered a new trial when the trial court denied the plaintiffs motion to set aside the verdict. In Jefferies v. Johnson, supra,
the jury rendered a verdict for the plaintiff and awarded full economic damages, zero non-economic damages, and found the plaintiff 30% contributorily negligent. The trial court set aside the verdict, but refused to order an additur. The Appellate Court held that although the judge was correct in setting aside the verdict, the trial court should have ordered an additur prior to setting aside the verdict. CT Page 5297
The recent case of Childs v. Bainer, 235 Conn. 107, 111,663 A.2d 398 (1995), is distinguishable from these and the instant case. In Childs, the extent and duration of the plaintiffs injuries were "hotly contested." Id., 111. The jury returned a verdict for the plaintiff, awarding only economic damages (less then the amount claimed). The court declined to find the jury verdict inadequate. The Appellate Court reversed and the Supreme Court reversed the Appellate Court, holding, the trial court was justified in denying the motion to set aside the verdict and refusing to grant an additur. The fact that the extent and duration of the plaintiffs injuries were in dispute was sufficient to rule the jury's verdict not inadequate as a matter of law: the court refusing to adopt a pro se rule that a verdict awarding economic damages but no non-economic damages was manifestly unjust as a matter of law.
In the instant case, the jury found full economic damages and no comparative fault on the plaintiff. This was after the jury was instructed to reconsider its award of zero non-economic damages. The defense did not contest the damages, only the liability. Once the jury determined the defendant was liable, the jury was left with substantial uncontroverted evidence as to the non-economic damages sustained by the plaintiff. Having concluded that the jury verdict was manifestly unjust and inadequate as a matter of law, the court determines that it must order an additur and set the verdict aside if the additur is not accepted.
The defendant moves that if the court does set aside the verdict and orders a new trial, that the trial be on liability and damages and not limited to damages only. On the other hand, the plaintiff argues that any new trial should be on damages only.
If the issues are not resolved by additur, then the verdict shall be set aside and a new trial ordered as to liability and damages on the first count. This issue was concisely set forth inJeffries v. Johnson, and Fazio v. Brown, 209 Conn. 450, 457,551 A.2d 1227 (1988). In Jeffries the court stated:
 "The jury's intent in rendering a plaintiffs verdict with zero [noneconomic] damages . . . is far less clear." Malmberg v. Lopez, supra, 681-82. The trouble with the trial court's reasoning that the jury's award indicates that the defendant caused none of CT Page 5298 the plaintiffs noneconomic damages is that it disregards other explanations that are also plausible, and for the trial court to select one explanation over the other is to engage in the type of speculation discountenanced in Malmberg.
Jefferies v. Johnson, supra 27 Conn. App. 477-78.
In Fazio v. Brown, the court stated:
 Our holding squares with the well founded belief that in cases such as the one at hand, the jury may have rendered a compromise verdict, that is, a verdict `where some of the jurors . . . conceded liability against their judgment, and some . . . reduced their estimate of the damages in order to secure an agreement of liability with their fellow jurors . . .' Murray v. Krenz, supra, 508. When a compromise verdict exists, `a new trial confined to the single issues of damage will be a serious injustice to the defendant [as] [h]e has never had the issue of liability determined by the conscientious conviction of all of the jury; and that he is entitled to have.'
Since it would be speculative for this court to determine the jury's reason for the zero non-economic award, this court concludes the jury either disregarded the court's instructions, misapplied them, or the verdict was the result of a compromise. If a retrial is necessary, the determination of both liability and damages is necessary.
There is to be no retrial on the second count of reckless conduct, the jury having found in the defendant's favor on this count. Additionally, it is concluded, the plaintiff failed to present sufficient evidence, as a matter of law, to justify a retrial on the issue of reckless conduct contained in the Second Count.
C. CONCLUSION:
For the reasons herein stated, it is concluded that:
1. Defendant's motion to set aside the verdict and for judgment notwithstanding the verdict is denied. CT Page 5299
2. Plaintiff's motion for additur is granted and Plaintiff's motion to set aside the verdict is granted if the additur is not accepted as herein ordered.
It is ordered that the verdict be set aside, unless within two weeks from the filing of this decision, the defendants shall file with the clerk an additur in the amount of $45,000.00. Thereafter, the plaintiff shall have one week from the filing of the additur by the defendant to accept the additur by filing an acceptance with the clerk. If such additur is so filed and accepted, judgment may enter upon such filing in the sum of $65,910.33 together with costs as may be taxed by the clerk. If the additur is not filed within the said two week period, or filed and not accepted by the plaintiff within the one week period, the verdict is hereby set aside and a new trial on the first count as to liability and damages is ordered.
ARENA, J.