[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Before the court is the plaintiff's motion to strike the defendant's seventh special defense because the defendant raises the defense of assumption of risk in the context of a comparative negligence defense, but comparative negligence was already asserted in its first special defense, and is therefore duplicative and could have no independent legal sufficiency. The defendant objects to the motion. CT Page 7870
In response to the defendant's objection, the plaintiff urges then as an alternative to her first basis that "she is seeking to have the court strike a defense which had previously been held by this court to be legally insufficient, and which has been declared by statute to be an invalid defense." Thus, according to the plaintiff, if the seventh special defense is considered to be an assumption of the risk defense, it is legally insufficient; in addition, if it effectively raises the same defense as the first special defense, it should likewise be stricken.
The court holds that the defendant's pleading of specifications of negligent conduct on the part of the plaintiff whether related to factors relevant to assumption of risk or not, should be set out in a single special defense. The court rules that where a defendant sets out factors relating to assumption of risk separately they can have no independent legal sufficiency from a comparative negligence defense already pled. The motion to strike is granted.
Doctrines of assumption of the risk, contributory negligence and last clear chance have been abolished by statute. SeeWendland v. Ridgefield Construction Services, Inc.,190 Conn. 791, 797, 462 A.2d 1043 (1983). "In lieu of these doctrines, subsection (a) of [General Statutes] § 52-572h sets forth a single standard: comparative negligence. In determining therelative negligence of each party however, the factors relevantto the assumption of risk doctrine may be considered by thetrier. As long as the jury is properly instructed concerning the doctrine of comparative negligence . . . elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant. `When a plaintiff's conduct in assuming a risk isunreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply.'" (Citations omitted; first emphasis added.) Id., 797-98, quoting James, "Connecticut Comparative Negligence Statute: An Analysis of Some Problems," 6 Conn. L. Rev. 207, 213 (1974); see also Cahill v.Carella, 43 Conn. Sup. 168, 173, 648 A.2d 169 (1994); Mirci v.Ford Motor Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 055555 (August 5, 1997, Corradino, J.) (granting motion to strike assumption of risk defense but indicating that defendant may raise "factors relevant to CT Page 7871 assumption of risk doctrine in any claim or defense asking that issues of comparative negligence be considered by jury").
It is axiomatic that a person in order to use reasonable care must make reasonable use of his or her senses and is required and held to see, hear, know and appreciate whatever facts a reasonably prudent person under the same circumstances would hear, note and appreciate. Tied to that proposition, is one that where the human activities of two persons juxtapose, each party has a right to assume that the other party in the matter will obey the rules of law and act reasonably and properly, making reasonable use of his or her own faculties. See Johnson v.Shattuck, 125 Conn. 60, 63, 3 A.2d 229 (1938); see also Corrievauv. Associated Realty Corp. 122 Conn. 253, 258, 188 A. 436 (1936). However, it is also axiomatic that at such time as one party either perceives or ought to perceive that the other party is violating reasonable rules of conduct, he cannot continue to assume that the other party will act reasonably. Thus, it has been held that a person who boards an automobile driven by an intoxicated person, and is then injured, may himself be causally negligent, if a reasonable person would not have done so under the same or similar circumstances. See Lagaipa v. Vaughan,
Superior Court, judicial district of Ansonia-Milford, Docket No. 053321 (Nov. 7, 1997) (20 Conn. L. Rptr. 556). To that degree, factors relating to the old assumption of risk doctrine may be relevant to the trier of fact's consideration of comparative negligence, even though the doctrine itself is abolished. However, having said that, a defendant who wishes to defend on the basis of the plaintiff's contributory negligence barring or diminishing recovery, has but one such defense, despite the fact that the specifications of that negligence may be multiple.
The purpose of a motion to strike is to contest addressed to a special defense is to test its legal sufficiency. Defendant's allegations which relate to the plaintiff's own negligence as a proximate cause of injuries which could bar or diminish recovery, have already been placed before the court in the first special defense and that is where any proper factual averments specifying the forms of the plaintiff's negligence relating to that comparative issue belong and should be combined.
The Court agrees with the plaintiff that the defendant is entitled to but one charge to the jury on the plaintiff's contributary comparative negligence and no more. The surplusage in the "belt and suspenders" seventh special defense could no CT Page 7872 independent legal sufficiency.
It is therefore struck.
FLYNN, J.