[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
The plaintiff, Christopher Stavac, brings this action to recover damages for injuries sustained while competing in a softball game played at the New England Sportsplex in Vernon June 11, 1994. CT Page 1941
The plaintiff seriously injured his left leg while sliding into second base, with the leg extended.
Suit was brought against the owners and operators of the New England Sportsplex, WWC, LLC and New England Sportsplex, Inc.
Also named as a defendant is the United States Slo-Pitch Softball Association, Inc. (USSSA).
The plaintiff asserts that each of the defendants was negligent for permitting the use of "stationary bases," as opposed to "breakaway bases" during the games. He also claims that each of the defendants failed to inspect the playing field, and failed to warn him that the stationary bases constituted a dangerous, unsafe and hazardous condition.
The defendants WWC, LLC and New England Sportsplex move for summary judgment, arguing that incurring an injury sliding into a base is a risk inherent in the competition itself, for which no action can be maintained as a matter of law.
In a separate motion, the defendant, USSSA, has added a claim that it can not be liable, because it neither owned, maintained or controlled the premises, and therefore, was under no legal duty to the plaintiff. An affidavit by the state director of the USSSA was submitted along with the motion.
 II STANDARD OF REVIEW
A trial court may appropriately render summary judgment, only when documentary and other evidence demonstrates that no genuine issue of material fact remains between the parties, and the moving party is entitled to judgment as a matter of law. Barthav. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); Daily v.New Britain Machine Co., 200 Conn. 562, 568 (1986). The moving party has the burden of showing what the truth is, as to the existence of any genuine issue of material fact. Yanow v. TealIndustries, Inc., 178 Conn., 262, 268 (1979).
The test to be applied is whether, construing all facts most favorably to the nonmoving party, the moving party would be entitled to a directed verdict. United Oil Co. v. UrbanCT Page 1942Redevelopment Commission, 158 Conn. 364, 380 (1969).
 III USE OF STATIONARY BASES PRESENTS QUESTION OF FACT
All defendants rely upon the Ohio case of Harris v. ArmcoSteel, 1994 WL 477972 (Ohio Ct.App. 1994), in support of the proposition that no duty is owed by these defendants to the plaintiff, and that the defendants are entitled to judgment as a matter of law.
A determination of whether a duty exists between parties is a question of law. Petriello v. Kalman, 215 Conn. 377, 382 (1990).
Although Harris presents facts very similar to those presented here (softball player sliding into a base, sustaining injury), the law which must be applied in this case diverges drastically from that applied by the Ohio court.
In Harris, the doctrine of assumption of the risk presented a complete bar to recovery. Harris, supra, p. 3.
Connecticut abolished the defense of assumption of the risk in 1973. Gomeau v. Forrest, 176 Conn. 523, 525 (1979). In lieu of the harsh and Draconian rule that assumption of the risk operates as a complete bar to recovery, Connecticut allows consideration of the factors relevant to assumption of the risk by the trier of fact, when assessing comparative negligence. Wendland v.Ridgefield Construction Services, Inc., 190 Conn. 791, 797-98
(1983).
The Connecticut Supreme Court addressed the question of an action sounding in negligence brought by one participant in an athletic contest against a coparticipant, in Jaworski v. Kiernan,241 Conn. 399, 409 (1997).
In Jaworski, two participants in a soccer contest collided, causing injury to the plaintiff's knee. The court held that an action could be maintained only if reckless or intentional conduct was present. No action could lie for merely negligent acts. Jaworski, supra, 241 Conn. 409.
Chief Justice Callahan's opinion cited four factors to be CT Page 1943 weighed in determining the extent of the responsibility of one actor, to a coparticipant: (1) the normal expectations of the participants; (2) the public policy supporting vigorous competition; (3) avoidance of increased litigation; and (4) the decisions of other jurisdictions. Jaworski, supra, 241 Conn. 407.
This case differs fundamentally from Jaworski, in that it involves a claim against those allegedly in control of the premises upon which the contest was played. No claims of either negligence, or willful, wanton and intentional misconduct are made against any participant in the softball tournament.
Athletic arenas, whether a baseball diamond, a soccer field, football gridiron, basketball court or hockey rink, should be in such condition, that injury to participants will not result from dangerous or unsafe playing conditions.
The public policy goal identified in Jaworski of encouraging vigorous participation in recreational activities is furthered by the maintenance of facilities in safe condition.
Certainly, it cannot be argued that participants in contact sports would eschew aggressive behavior, if liability may be found due to a dangerous or unsafe condition.
It might be more persuasively argued that aggressive play would be deterred and frustrated by the use of unsafe or dangerous facilities.
Any incentive upon those who own, maintain and control such facilities to avoid dangerous and unsafe conditions can only serve to stimulate legitimate, aggressive competition.
Allowing the plaintiff to maintain an action based upon the facts presented here, is in harmony with the Jaworski rule barring an action by one participant against a coparticipant based upon purely negligent conduct. (See also Cahill v,.Carella, 43 Conn. Sup. 168, 173, 11 CONN. L. RPTR. 513 (1994) (Fuller, J.).)
Whether the plaintiff can, through expert testimony such as that provided in affidavit form, convince the trier of fact that any negligence of the defendants, rather than his own negligence was responsible for his injury, may be problematic.
CT Page 1944 However, the attempt should not be foreclosed as a matter of law.
 IV CONTROL OF PREMISES PRESENTS A QUESTION OF FACT
The defendant, USSSA, also asks summary judgment based upon its claim that it did not own, maintain or control the property on which game was played, and owed no duty to the plaintiff.
The tournament was sponsored by the defendant, USSSA, and was governed by the rules of the association. Those rules, as the plaintiff points out, include a section concerning conditions on the field of play.
Furthermore, the USSSA maintains the power to sanction the event, and determine who participates.
For these reasons, the duty to exercise reasonable care to protect participants from conditions which might lead to injury is present. Merhi v. Becker, 164 Conn. 516, 520 (1973).
Whether that duty was breached, and whether any breach proximately caused injury to the plaintiff, are proper determinations for the trier of fact.
The motions for summary judgment, as to all three defendants, are DENIED.
RADCLIFFE, J.